UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CHRISTOPHER SHAYS and MARTIN MEEHAN, </br></br> Plaintiffs, </br></br> v. </br></br> FEDERAL ELECTION COMMISSION, </br> 999 E Street, N.W. </br> Washington, DC 20463 </br></br> Defendant. | Civil Action No. 06-CV-1247 (CKK) </br></br> ANSWER |

**ANSWER OF DEFENDANT FEDERAL ELECTION COMMISSION
TO PLAINTIFFS' COMPLAINT**

Plaintiffs challenge four regulatory provisions that implement the Bipartisan Campaign Reform Act of 2002 ("BCRA"), Pub. L. No. 107-155, 116 Stat. 81 (2002): parts of the definition of "Federal election activity" (11 C.F.R. §§ 100.24(a)(2) and (3)); the definition of "coordinated communication" (11 C.F.R. § 109.21); and a provision that candidates for federal office and federal officeholders "may speak … without restriction or regulation" at state, district, or local fundraisers (11 C.F.R. § 300.64(b)). Defendant Federal Election Commission ("FEC" or "the Commission") responds to the numbered paragraphs of the Complaint as follows and denies everything not specifically given a response (including but not limited to plaintiffs' headings):

1. This paragraph is merely an introductory clause to which no response is necessary.

2.      This paragraph purports to describe the contents of the Complaint, a document that speaks for itself, and therefore no response to the description is required.  The Commission ADMITS that this case is "related" to Shays v. FEC ("Shays I"), 337 F.Supp.2d 28 (D.D.C. 2004), aff'd, 414 F.3d 76 (D.C. Cir. 2005), under the applicable local rules.  The Commission DENIES that it has failed to promulgate lawful regulations governing coordinated communications, Federal election activity, and solicitations by federal officeholders and candidates at state party fundraising events.

3.      The first three sentences of this paragraph set out plaintiffs' characterization of Congress's purposes for enacting BCRA, so no response is required.  The fourth sentence presents plaintiffs' characterization of the Supreme Court's opinion in McConnell v. FEC, 540 U.S. 93 (2003), which speaks for itself.

4.      ADMIT that the Commission held additional rulemaking proceedings in 2005 and 2006 in response to the decisions and judgment in Shays I.  The Commission DENIES the second and third sentences of this paragraph.

    (a)     To the extent this paragraph contains the plaintiffs' description of the Shays I and McConnell decisions and 11 C.F.R. 109.21, those decisions and provisions speak for themselves and require no response.  DENY that 11 C.F.R. 109.21 has "flaws" and does not satisfy the applicable legal requirements or will have the speculative effect claimed by plaintiffs.

    (b)     Paragraph 4(b) contains plaintiffs' characterizations of the regulatory definitions of "voter registration activity" and "get-out-the-vote activity" ("GOTV activity") and speculations regarding future events or effects, neither of which requires a response.  The Commission DENIES that the

     regulations at issue are incompatible with BCRA's language, structure, and purpose.

  (c) To the extent this paragraph contains the plaintiffs' description of 11 C.F.R. 300.64(b), that provision speaks for itself and no response is required. The Commission DENIES that it failed to explain why it promulgated the regulation.

5. DENY.

6. ADMIT that this Court has jurisdiction under 28 U.S.C. 1331. DENY that the Administrative Procedure Act and the Declaratory Judgment Act confer jurisdiction.

7. ADMIT.

8. ADMIT.

9. ADMIT.

10. ADMIT the first sentence of paragraph 10. The second sentence of the paragraph purports to describe what BCRA requires the Commission to do, and that statute speaks for itself so no response is required.

11. The first sentence of paragraph 11 and accompanying citation require no response because the district court and appellate court decisions in the <u>Shays I</u> litigation speak for themselves. The second sentence is a legal conclusion to which no response is required. The Commission ADMITS the third sentence. The final sentence of paragraph 11 contains speculation about the effect on plaintiffs of the regulations at issue and requires no response; however, to the extent this sentence contains a factual allegation, the Commission DENIES the allegation.

12. The introductory sentences of paragraph 12 assert that BCRA, FECA (the Federal Election Campaign Act), and <u>Shays I</u> have legal ramifications for plaintiffs. As legal assertions, these sentences require no response.

(a)-(c) These subparagraphs present plaintiffs' interpretation of the regulations at issue, which speaks for themselves, and speculation about possible actions by unnamed persons. As such, they require no response.

13. Paragraph 13 sets out plaintiffs' legal conclusions concerning "informational standing" and, as such, requires no response.

14. The first two sentences of paragraph 14 characterize the Court's determinations in denying the Commission's post-judgment motion for a stay in <u>Shays I</u> and require no response because the Court's decision speaks for itself. The third sentence presents plaintiffs' legal conclusions about the effect of the Court's decision and, therefore, also requires no response.

15. Paragraph 15 sets out plaintiffs' legal conclusions concerning ripeness and, as such, requires no response.

16. The first clause of Paragraph 16 presents plaintiffs' interpretation of <u>Shays I</u> and, as such, requires no response. The Commission ADMITS that it has exhausted its appeals in <u>Shays I</u>.

17. ADMIT.

18. The first sentence of paragraph 18 presents a legal conclusion and, as such, requires no response. The second sentence characterizes plaintiffs' complaint in <u>Shays I</u>, the Court's opinion in <u>Shays I</u>, and the D.C. Circuit's decision in that case, all of which speak for themselves; the sentence therefore requires no response. The remainder of paragraph 18 consists

of legal assertions and characterizations of the present litigation and Shays I and therefore requires no response.

19.     The first two sentences of paragraph 19 present legal argument as to the consequences of treating the present action as a "related case" to Shays I and require no response.  In regard to the third sentence, the Commission ADMITS that this Court is familiar with the governing statutes, the events that led to BCRA's enactment, and the Commission's implementing regulations.  However, plaintiffs' description of Shays I, which speaks for itself, requires no response.

20.     ADMIT.

21.     DENY.

22.     This paragraph contains plaintiffs' description of BCRA and regulatory provisions, which speak for themselves.  This paragraph also purports to describe a statement in the Congressional Record and judicial decisions in McConnell v. FEC, which speak for themselves.  This paragraph therefore requires no response to those descriptions.  The Commission ADMITS that it adopted coordination rules in December 2000 that were repealed by Congress in March 2002.  The Commission DENIES any implication that those rules were unlawful, as no federal court ever made such a finding.

23.     The Commission ADMITS that it adopted coordination regulations in December 2002.  The rest of this paragraph describes 11 C.F.R. 109.21 or judicial decisions, and because those provisions and decisions speak for themselves, no further response is required.

24.     This paragraph describes the judicial decisions in Shays I, which speak for themselves, so no response is required.

25. The Commission ADMITS that it has promulgated a revised version of 11 C.F.R. 109.21 but DENIES that this regulation is unlawful and DENIES plaintiffs' characterization of the timing of the initiation of the rulemaking. To the extent this paragraph describes the <u>Shays I</u> decision or the rule itself, those materials speak for themselves and no response is required.

26. DENY.

27. DENY that 11 C.F.R. 109.21 is flawed or unlawful. To the extent that this paragraph purports to describe or characterize prior regulations or other rulemaking documents, those materials speak for themselves and no response is required. To the extent that this paragraph purports to describe past actions in which the Commission has "recognized" facts or legal theories, the Commission is without knowledge or information sufficient to answer because the paragraph's allegations are too vague.

28. Both the original 11 C.F.R. 109.21 and the current version of this regulation speak for themselves. The paragraph therefore requires no response.

29. DENY the first sentence. The remainder of the paragraph purports to describe the decision in <u>Shays I</u> and past and present versions of 11 C.F.R. 109.21, a decision and regulations that speak for themselves. The paragraph therefore requires no response.

30. DENY the first sentence. The second and third sentences of this paragraph describe plaintiffs' legal conclusions about what is permissible under 11 C.F.R. 109.21 and therefore require no response. The Commission DENIES the fourth and fifth sentences.

31. This paragraph describes plaintiffs' legal conclusions about what is permissible under 11 C.F.R. 109.21 (and what was permissible under the original version of the regulation) and therefore requires no response.

32.     DENY the first and fourth sentences of this paragraph. The second and third sentences of the paragraph describe a statute and judicial decision, which speak for themselves, and contain plaintiffs' legal arguments, so no further response is required.

33.     The first two sentences of this paragraph describe the Explanation and Justification (see 71 Fed. Reg. 33,190 (2006)), which speaks for itself. The third sentence describes the Supplemental Notice of Proposed Rulemaking (see 71 Fed. Reg. 13,306 (2006)), which speaks for itself. These sentences therefore require no response. The Commission ADMITS that on March 15, 2006, it issued a Supplemental Notice of Proposed Rulemaking that stated "[a]t the close of the hearings, the Commission still had not received any empirical data regarding the timing of campaign advertisements" and invited comment by March 22, 2006 on data the Commission had just licensed from TNS Media Intelligence/CMAG. The Commission DENIES the third sentence of this paragraph to the extent it implies that there was anything improper about the Supplemental Notice. The Commission DENIES the final sentence of this paragraph.

34.     ADMIT the first sentence. The second and fifth sentences are legal argument for which no response is required. ADMIT that the CMAG data show that in 2004 House candidates ran 0.28 percent of their general election advertisements and 8.56 percent of their primary advertisements more than 90 days before the election, and ADMIT that the CMAG data also show that 91.56% of all candidate TV ads run in the 2004 Presidential primaries/caucuses were within 120 days of those elections; the remainder of sentences three and four are DENIED. The Commission DENIES the sixth (and final) sentence of this paragraph.

35. DENY that the Commission's reliance on the 2004 CMAG data is arbitrary and capricious. To the extent that this paragraph contains legal arguments in support of plaintiffs' assertion that reliance upon the CMAG data is arbitrary and capricious, no response is required.

36. ADMIT that the Commission received examples of advertising aired by candidates, political parties, and outside groups during many different time periods. ADMIT that the advertising described in sentences two through four were described in comments or attachments to comments submitted during the rulemaking. To the extent these sentences contain plaintiffs' characterization of these ads, the ads speak for themselves, so no response is required. Sentence five is a general and vague statement, not a specific allegation of fact; as stated, the Commission is without knowledge or information sufficient to form a belief as to the truth of the statement. Sentences six through eight of the paragraph contain plaintiffs' legal argument that requires no response; to the extent that those sentences contain a factual allegation, it is DENIED.

37. ADMIT that *Shays I* was decided on September 18, 2004. ADMIT that the NPRM was published on December 14, 2005, that the comments on the NPRM were due on January 13, 2006, and that a hearing was held on January 25 and 26, 2006. ADMIT that the Commission published a Supplemental Notice of Proposed Rulemaking on March 15, 2006. ADMIT that the SNPRM re-opened the comment period until March 22, 2006. ADMIT that on March 13, 2006, the Commission made available a database it licensed from TNS Media Intelligence/CMAG regarding television advertising spots run by Presidential, Senate, and House candidates during the 2004 election cycle. DENY plaintiffs' characterizations of these facts.

38. Regarding the first sentence, the Commission ADMITS that the administrative record includes 33 pages containing charts summarizing the CMAG data, but DENIES plaintiffs'

8

characterization of the CMAG database as including many thousands of "pages" of underlying data.  The Commission DENIES the remainder of the paragraph.

      39.      This paragraph describes the D.C. Circuit decision in <u>Shays I</u> and the Commission's Explanation and Justification.  These documents speak for themselves and, therefore, no response is required.  To the extent this paragraph contains a factual allegation beyond a description of these documents, it is DENIED.

      40.      This paragraph describes the original 11 C.F.R. 109.21 and the decision in <u>Shays I</u>.  That regulatory provision and judicial decision speak for themselves, so no response is required.

      41.      The first two sentences of this paragraph describe 11 C.F.R. 109.21 and the Explanation and Justification, which speak for themselves, so no response is required.  The last sentence is DENIED.

      42.      The first sentence of this paragraph describes 11 C.F.R. 109.21, a provision that speaks for itself, so no response is required.  The last sentence is DENIED.

      43.      This paragraph describes BCRA § 214(c) and 11 C.F.R. 109.21, provisions that speak for themselves, so no response is required.

      44.      This paragraph describes former 11 C.F.R. 109.21(d)(5), a provision that speaks for itself, so no response is required

      45.      This paragraph describes 11 C.F.R. 109.21, a provision that speaks for itself, so no response is required.  To the extent this paragraph contains plaintiffs' legal argument, no response is required.

      46.      DENY.  To the extent this paragraph describes the Commission's Explanation and Justification, that document speaks for itself, so no response is required.

47. Sentences one and two describe 11 C.F.R. 109.21, a provision that speaks for itself, so no response is required. Sentence three contains plaintiffs' speculation about the future effect of this provision, and sentence four describes an Explanation and Justification from 2002, which speaks for itself. Thus, these sentences require no response. The Commission DENIES the last sentence.

48. This paragraph purports to describe 11 C.F.R. 109.21 and material from the Explanation and Justification, documents that speak for themselves. The paragraph therefore requires no response.

49. The first and fifth sentences contain legal argument, to which no response is required. The rest of this paragraph describes 11 C.F.R. 109.21 and material from the Explanation and Justification, documents that speak for themselves, so no response is required. The Commission DENIES this paragraph to the extent it makes any factual allegation.

50. ADMIT.

51. This paragraph describes BCRA, which speaks for itself, and includes plaintiffs' characterization of Congress's purposes in enacting the "Federal election activity" provisions. No response is required.

52. This paragraph purports to describe and interpret statutory provisions, which speak for themselves, and requires no response. The third sentence also includes legal argument, to which no response is required.

53. ADMIT the first sentence. The remainder of paragraph 53 purports to describe this Court's opinion in Shays I, which speaks for itself, and therefore requires no response.

54. This paragraph purports to describe the district court's opinion in Shays I, which speaks for itself, so no response is required.

55.     ADMIT that the FEC re-promulgated sections 100.24(a)(2)-(3) in February 2006, after providing notice and opportunity for comment.  ADMIT that the Commission revised the definition of "GOTV activity."  ADMIT that the Commission did not revise the definition of "voter registration activity."  The rest of paragraph 55 purports to describe those provisions and this Court's opinion in Shays I, all of which speak for themselves.  The rest of paragraph 55 therefore requires no response.

56.     Paragraph 56 purports to describe regulatory provisions, which speak for themselves.  It also purports to describe the Commission's Explanation and Justification for 11 C.F.R. 100.24(a)(2) and (3) and a Commission advisory opinion, all of which speak for themselves.  Therefore, this paragraph requires no response.  In any event, the Commission DENIES the last sentence of this paragraph.

57.     Paragraph 57 purports to describe FEC Advisory Opinion 2006-19, which speaks for itself, and presents plaintiffs' characterization and legal analysis of that Opinion and its supposed consequences.  The paragraph therefore requires no response.  However, the Commission notes that, contrary to plaintiffs' assertion, the communications at issue in Advisory Opinion 2006-19 did not include the location of an individual's polling place.

58.     Paragraph 58 sets out plaintiffs' characterization and legal analysis of the Commission's Explanation and Justification for 11 C.F.R. 100.24 and therefore requires no response.

59.     Paragraph 59 characterizes the Commission's interpretation of sections 100.24(a)(2)-(3) and speculates as to the consequences of that interpretation as characterized.  In that regard, paragraph 59 requires no response.  The Commission DENIES that those regulatory

provisions are, as interpreted and applied by the Commission, "contrary to" or "unduly compromise" the Act.

  60. DENY.

  61. ADMIT.

  62. ADMIT that the Commission first promulgated the regulation at 11 C.F.R. 300.64(b) in July 2002. The rest of paragraph 62 requires no response because it purports to describe and interpret provisions of BCRA and Commission regulations, which speak for themselves.

  63. The first two sentences of paragraph 63 purport to describe this Court's opinion in Shays I and characterize the Commission's Explanation and Justification for 11 C.F.R. 300.64(b). Because these documents speak for themselves, these sentences require no response. The Commission DENIES the last sentence of this paragraph.

  64. Paragraph 64 purports to describe and interpret the Commission's Explanation and Justification for 11 C.F.R. 300.64(b), which speaks for itself. This paragraph therefore requires no response.

  65. DENY. To the extent this paragraph purports to describe the "mandate" of this Court in Shays I, that decision speaks for itself, and no response is required.

  66. DENY.

  67. DENY.

  68. DENY.

  69. DENY.

  70. DENY.

  71. DENY.

72. This paragraph contains a prayer for relief to which no answer is required. However, if an answer may be deemed necessary, the Commission DENIES that any relief should be granted and requests that plaintiffs' complaint be dismissed.

          Respectfully submitted,

/s/ Lawrence H. Norton
Lawrence H. Norton
General Counsel

/s/ Richard B. Bader
Richard B. Bader
Associate General Counsel
(D.C. Bar # 911073)

/s/ David Kolker
David Kolker
Assistant General Counsel
(D.C. Bar # 394558)

/s/ Vivien Clair
Vivien Clair
Attorney

/s/ Greg J. Mueller
Greg J. Mueller
Attorney
(D.C. Bar # 462840)

September 15, 2006        FOR THE DEFENDANT
                                          FEDERAL ELECTION COMMISSION
                                          999 E Street, N.W.
                                          Washington, D.C. 20463
                                          (202) 694-1650
                                          (202) 219-0260 (FAX)