IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Christopher Shays and Martin Meehan,<br><br>          Plaintiffs,<br><br>v.<br><br>United States Federal Election Commission,<br><br>          Defendant. | Civil Action No. 06-CV-1247<br>(Judge Kollar-Kotelly) |

### DECLARATION OF REPRESENTATIVE CHRISTOPHER SHAYS IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

In accordance with 28 U.S.C. § 1746, Representative Christopher Shays declares as follows:

1. I am a member of the United States House of Representatives from the 4th Congressional District of the State of Connecticut. I was first elected in 1987, re-elected in 1988 and every two years thereafter, and next face re-election in November 2008.

2. I was a principal sponsor of the legislation enacted as the Bipartisan Campaign Reform Act of 2002. I spent many years seeking to promote the enactment of this reform legislation. With other sponsors, I submitted written comments on the Federal Election Commission's proposed rules implementing BCRA's soft money and coordination provisions, including comments submitted during rulemaking proceedings undertaken in response to the decisions and judgment of this Court in *Shays v. FEC*, 337 F. Supp. 2d 28 (D.D.C. 2004), a case in which I was a plaintiff. The Commission rejected many of the concerns, objections, and proposals set forth in my rulemaking comments.

3. I am a citizen of the United States, a member of Congress, a candidate, a voter, a recipient of campaign contributions, a fundraiser, and a political party member. In those capacities I am subject to regulation under the Federal Election Campaign Act, BCRA, and the Commission's implementing rules, and my activities are also directly affected by the fact that others, including my potential contributors and supporters, my potential election opponents, contributors to and supporters of my opponents, and contributors to and supporters of both political parties are subject to the same regulation under FECA, BCRA, and the Commission's implementing rules.

4. If any of the campaign finance reforms embodied in BCRA are subverted, eroded, or circumvented by the Commission's implementing regulations, I will be forced once again to raise money, campaign, and attempt to discharge my important public responsibilities in a system that is widely perceived to be, and I believe in many respects will be, significantly corrupted by the influence of special-interest money.

5. The Commission's revised coordinated communications regulations directly affect me by continuing to provide a "safe harbor" to my electoral opponents and opposing political parties to engage in unregulated coordination of political advertising with outside spenders. The rules authorize my opponents and supporters of my opponents to evade contribution limits and reporting requirements and to circumvent the prohibition on expenditures of corporate and union treasury funds, thus influencing federal elections in which I am a candidate.

6. The Commission's regulations that implement the loophole-closing extension of BCRA's soft money provisions to the funding for certain state and local activities that affect federal elections, including certain get-out-the-vote and voter registration efforts in elections

where federal candidates are on the ballot, will directly and personally impact me as a candidate who runs in elections that could be influenced by those very state and local party activities. In particular, the regulations permit state and local party committees that support my opponents to evade the restrictions BCRA places on the use of soft money to fund activities that affect federal elections, posing a strong risk that unregulated soft money contributions will again be used in an attempt to influence elections in which I am a candidate.

7. Likewise, the Commission's regulation authorizing unrestricted soft-money solicitations by federal officeholders and candidates at state, district, and local party fundraising events directly affects me by enabling my election opponents (and other federal officeholders and candidates who support my opponents) to solicit soft money at such party fundraisers for potential use against me "without restriction or regulation." The regulation also affects me in my capacity as a party member who might be expected to raise soft money for use at the state and local party level.

8. Many FECA and BCRA provisions require the disclosure of campaign finance information by covered persons and entities. For example, whether a communication constitutes a "coordinated" expenditure determines whether it is subject to FECA's "contribution" disclosure requirements. If the Commission's regulations do not faithfully implement these disclosure provisions, I will be deprived of information to which I am entitled as a voter, candidate and elected officeholder under FECA and BCRA.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 5 day of December, 2006.

/s/ Christopher Shays
Christopher Shays
United States House of Representatives

District of Columbia
On this 5 day of December, 2006
personally appeared before me and acknowledged
that he/she executed the foregoing instrument.

Stefanie Beverly, Notary Public
My commission expires February 28, 2010

3