IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CHRISTOPHER SHAYS AND MARTIN MEEHAN        )<br>)<br>Plaintiffs,        )<br>)<br>v.        )<br>)<br>UNITED STATES FEDERAL ELECTION COMMISSION        )<br>)<br>Defendants.        ) | At Law No. 06-CV-1247<br>(Judge Kollar-Kotelly) |

**UNOPPOSED MOTION FOR LEAVE TO FILE BRIEF OF AMICUS CURIAE**

The Center for Competitive Politics ("CCP") respectfully moves this Court for leave to participate as *amicus curiae*, and to file the proposed Amicus Curiae Brief attached as Exhibit 1. As an *amicus curiae* participant, CCP intends to oppose Plaintiffs' Motion for Summary Judgment. CCP has conferred with counsel for all parties pursuant to Local Rule 7(m), and they have indicated that they do not oppose this motion. In support of its Motion for Leave, CCP shows the following:

    **A.**    **CCP Has A Significant Interest In The Subject Matter Of This Litigation.**

CCP is a non-profit organization founded in 2005 by former FEC Chairman Bradley A. Smith, professor of law at Capital University Law School, and Stephen M. Hoersting, campaign finance attorney and former general counsel to the National Republican Senatorial Committee. Both Chairman Smith and Mr. Hoersting maintain an active involvement in CCP's activities. Mr. Smith is Chairman of CCP and Mr. Hoersting is Executive Director and a member of the Board of Directors. CCP's mission, through legal briefs, studies, historical and constitutional analyses, and media

communication, is to evaluate and explain the actual effects of money in politics, and the results of a more free and competitive electoral process.

CCP regularly files amicus briefs to assist the Supreme Court of the United States, United States Courts of Appeals, and various state courts in deciding cases involving regulation of political speech. CCP has submitted amicus briefs on behalf of litigants in important Supreme Court cases such as *Randall v. Sorrell*, __ U.S. __, 126 S.Ct. 2479 (2006) and *Wisconsin Right to Life v. FEC*, __ U.S. __, 126 S.Ct. 1016 (2006). CCP is interested in participating in this case as amicus curiae because it involves the promulgation of regulations that are central to the ongoing debate over the scope of restrictions on election-related communications in this country. Additionally, CCP has submitted public comments on the regulation at issue in this case. CCP is also interested because of the unique perspective its Chairman, former FEC Chairman Smith, brings to the specific questions raised in this case, as described in Part B, *infra*.

**B.     Amicus Participation By The CCP Is Desirable.**

Participation by CCP is desirable because it has a unique perspective on a discrete issue that is critical to proper resolution of this case. One of the Center's founders -- former FEC Chairman Bradley A. Smith -- served as Commissioner, Vice-Chairman, and Chairman of the Federal Election Commission ("FEC"). His tenure on the FEC spanned a critical time period in this case, as he served both before and after the passage and implementation of the Bipartisan Campaign Reform Act of 2002 ("BCRA").

Thus, CCP has a rare understanding of the facts relating to one of the critical questions in this litigation: Whether the FEC had a content-based standard prior to the passage of BCRA. Although Plaintiffs consistently state throughout their Complaint and

Motion for Summary Judgment that the FEC instituted a separate "content" test for coordinated communications for the first time in 2002, the applicable regulations, Statements of Reasons, and Chairman Smith's experience all demonstrate that a content test existed long before the passage of BCRA. The regulations at issue merely represent an extension of this longstanding test.

This is critical to this case. The thrust of Plaintiff's argument is that the regulations at issue represent a novel departure from the longstanding practice of the FEC, decreasing the scope of the government's regulations rather than increasing them as BCRA had envisioned. This makes it appear as if the FEC has gone far afield of its statutory command, and that its regulations have no statutory basis and/or are not reasonable under *Chevron, U.S.A. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837 (1984). In other words, the entire case could potentially turn on the veracity of a proposition for which Plaintiffs offer many conclusory statements, but very little analysis.

CCP's amicus brief explains this in more detail, and will be useful to this Court in deciding Plaintiffs' Motion for Summary Judgment.

## CONCLUSION

CCP's proposed amicus brief will help this Court decide critical issues in this matter. This Court should grant CCP's Motion for Leave to File Amicus Curiae Brief.

Date: January 19, 2007                    Respectfully submitted,

                                                 **THE CENTER FOR COMPETITIVE POLITICS**


                                                 s/ Harry M. Johnson_____
                                                 Counsel

Harry M. Johnson (DDC No. IL-002)
Sean P. Trende (Motion for Admission Pending)
George P. Sibley, III (Motion for Admission *pro hac vice* Pending)
**HUNTON & WILLIAMS LLP**
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, Virginia  23219-4074
(804) 788-8200
(804) 788-8218 (facsimile)

*Counsel for The Center for Competitive Politics*

## CERTIFICATE OF SERVICE

I do hereby certify that I have on this 19th day of January, 2007, served a copy of the foregoing pleading, by e-mail pursuant to this Court's rules for non-party electronic service, and by mailing the same by United States mail, properly addressed, and first class postage prepaid on counsel for all parties.

_s/ Sean P. Trende_____