# EXHIBIT E

The Library of Congress > THOMAS Home > Bills, Resolutions > Search Results

| THIS SEARCH | THIS DOCUMENT | GO TO |
|---|---|---|
| Next Hit | Forward | New Bills Search |
| Prev Hit | Back | HomePage |
| Hit List | Best Sections | Help |
| | Contents Display | |

# S.27

**Bipartisan Campaign Reform Act of 2001 (Engrossed as Agreed to or Passed by Senate)**

## SEC. 214. COORDINATION WITH CANDIDATES OR POLITICAL PARTIES.

(a) IN GENERAL-

(1) COORDINATED EXPENDITURE OR DISBURSEMENT TREATED AS CONTRIBUTION- Section 301(8) of the Federal Election Campaign Act of 1971 (2 U.S.C. 431(8)) is amended--

(A) by striking `or' at the end of subparagraph (A)(i);

(B) by striking `purpose.' in subparagraph (A)(ii) and inserting `purpose;';

(C) by adding at the end of subparagraph (A) the following:

`(iii) any coordinated expenditure or other disbursement made by any person in connection with a candidate's election, regardless of whether the expenditure or disbursement is for a communication that contains express advocacy; or

`(iv) any expenditure or other disbursement made in coordination with a national committee, State committee, or other political committee of a political party by a person (other than a candidate or a candidate's authorized committee) in connection with an election, regardless of whether the expenditure or disbursement is for a communication that contains express advocacy.'.

(2) CONFORMING AMENDMENT- Section 31□(a)(7) of the Federal Election Campaign Act of 1971 (2 U.S.C. 441a(a)(7)) is amended by striking subparagraph (B) and inserting the following:

`(B) a coordinated expenditure or disbursement described in--

`(i) section 301(8)(C) shall be considered to be a contribution to the candidate or an expenditure by the candidate, respectively; and

`(ii) section 301(8)(D) shall be considered to be a contribution to, or an expenditure by, the political party committee, respectively; and'.

(b) DEFINITION OF COORDINATION- Section 301(8) of the Federal Election Campaign Act of 1971 (2 U.S.C. 431(8)), as amended by subsection (a), is amended by adding at the end the following:

`(C) For purposes of subparagraph (A)(iii), the term `coordinated expenditure or other disbursement' means a payment made in concert or cooperation with, at the request or suggestion of, or pursuant to any general or particular understanding with, such candidate, the candidate's authorized political committee, or their agents, or a political party committee or its agents.'.

(c) REGULATIONS BY THE FEDERAL ELECTION COMMISSION- (1) Within 90 days of the effective date of this Act, the Federal Election Commission shall promulgate new regulations to enforce the statutory standard set by this provision. The regulation shall not require collaboration or agreement to establish coordination. In addition to any subject determined by the Commission, the regulations shall address--

(A) payments for the republication of campaign materials;

(B) payments for the use of a common vendor;

(C) payments for communications directed or made by persons who previously served as an employee of a candidate or a political party;

(D) payments for communications made by a person after substantial discussion about the communication with a candidate or a political party; and

(E) the impact of coordinating internal communications by any person to its restricted class has on any subsequent `Federal election activity' as defined in section 301 of the Federal Election Campaign Act of 1971.

(2) The regulations on coordination adopted by the Federal Election Commission and published in the Federal Register at page 76138 of volume 6☐ Federal Register, on December 6, 2000, are repealed as of 90 days after the effective date of this Act.

(d) MEANING OF CONTRIBUTION OR EXPENDITURE FOR THE PURPOSES OF SECTION 316- Section 316(b)(2) of the Federal Election Campaign Act of 1971 (2 U.S.C. 441b(b)(2)) is amended by striking `shall include' and inserting `includes a contribution or expenditure, as those terms are defined in section 301, and also

includes'.

## TITLE III--MISCELLANEOUS

## SEC. 301. USE OF CONTRIBUTED AMOUNTS FOR CERTAIN PURPOSES.

Title III of the Federal Election Campaign Act of 1971 (2 U.S.C. 431 et seq.) is amended by striking section 313 and inserting the following:

## `SEC. 313. USE OF CONTRIBUTED AMOUNTS FOR CERTAIN PURPOSES.

`(a) PERMITTED USES- A contribution accepted by a candidate, and any other donation received by an individual as support for activities of the individual as a holder of Federal office, may be used by the candidate or individual--

> `(1) for otherwise authorized expenditures in connection with the campaign for Federal office of the candidate or individual;
>
> `(2) for ordinary and necessary expenses incurred in connection with duties of the individual as a holder of Federal office;
>
> `(3) for contributions to an organization described in section 170(c) of the Internal Revenue Code of 1986; or
>
> `(4) for transfers to a national, State, or local committee of a political party.

`(b) PROHIBITED USE-

> `(1) IN GENERAL- A contribution or donation described in subsection (a) shall not be converted by any person to personal use.
>
> `(2) CONVERSION- For the purposes of paragraph (1), a contribution or donation shall be considered to be converted to personal use if the contribution or amount is used to fulfill any commitment, obligation, or expense of a person that would exist irrespective of the candidate's election campaign or individual's duties as a holder of Federal office, including--
>
>> `(A) a home mortgage, rent, or utility payment;
>>
>> `(B) a clothing purchase;
>>
>> `(C) a noncampaign-related automobile expense;
>>
>> `(D) a country club membership;
>>
>> `(E) a vacation or other noncampaign-related trip;

  `(F) a household food item;

  `(G) a tuition payment;

  `(H) admission to a sporting event, concert, theater, or other form of entertainment not associated with an election campaign; and

  `(I) dues, fees, and other payments to a health club or recreational facility.'.

## SEC. 302. PROHIBITION OF FUNDRAISING ON FEDERAL PROPERTY.

Section 607 of title 18, United States Code, is amended--

  (1) by striking subsection (a) and inserting the following:

`(a) PROHIBITION-

  `(1) IN GENERAL- It shall be unlawful for any person to solicit or receive a donation of money or other thing of value in connection with a Federal, State, or local election from a person who is located in a room or building occupied in the discharge of official duties by an officer or employee of the United States. It shall be unlawful for an individual who is an officer or employee of the Federal Government, including the President, Vice President, and Members of Congress, to solicit or receive a donation of money or other thing of value in connection with a Federal, State, or local election, while in any room or building occupied in the discharge of official duties by an officer or employee of the United States, from any person.

  `(2) PENALTY- A person who violates this section shall be fined not more than $☐000, imprisoned more than 3 years, or both.'; and

  (2) in subsection (b), by inserting `or Executive Office of the President' after `Congress'.

## SEC. 303. STRENGTHENING FOREIGN MONEY BAN.

Section 319 of the Federal Election Campaign Act of 1971 (2 U.S.C. 441e) is amended--

  (1) by striking the heading and inserting the following: `CONTRIBUTIONS AND DONATIONS BY FOREIGN NATIONALS'; and

  (2) by striking subsection (a) and inserting the following:

`(a) PROHIBITION- It shall be unlawful for--

  `(1) a foreign national, directly or indirectly, to make--

`(A) a contribution or donation of money or other thing of value, or to make an express or implied promise to make a contribution or donation, in connection with a Federal, State, or local election; or

`(B) a contribution or donation to a committee of a political party; or

`(2) for a person to solicit, accept, or receive such contribution or donation from a foreign national.'.

## SEC. 304. MODIFICATION OF INDIVIDUAL CONTRIBUTION LIMITS IN RESPONSE TO EXPENDITURES FROM PERSONAL FUNDS.

(a) INCREASED LIMITS FOR INDIVIDUALS-

(1) IN GENERAL- Section 31☐ of the Federal Election Campaign Act of 1971 (2 U.S.C. 441a) is amended--

(A) in subsection (a)(1), by striking `No person' and inserting `Except as provided in subsection (i), no person'; and

(B) by adding at the end the following:

`(i) INCREASED LIMIT TO ALLOW RESPONSE TO EXPENDITURES FROM PERSONAL FUNDS-

`(1) INCREASE-

`(A) IN GENERAL- Subject to paragraph (2), if the opposition personal funds amount with respect to a candidate for election to the office of Senator exceeds the threshold amount, the limit under subsection (a)(1)(A) (in this subsection referred to as the `applicable limit') with respect to that candidate shall be the increased limit.

`(B) THRESHOLD AMOUNT-

`(i) STATE-BY-STATE COMPETITIVE AND FAIR CAMPAIGN FORMULA- In this subsection, the threshold amount with respect to an election cycle of a candidate described in subparagraph (A) is an amount equal to the sum of--

`(I) $1☐0,000; and

`(II) $0.04 multiplied by the voting age population.

`(ii) VOTING AGE POPULATION- In this subparagraph, the term `voting age population' means in the case of a candidate for the office of Senator, the voting age population of the State of the candidate (as certified under section 31☐(e)).

`(C) INCREASED LIMIT- Except as provided in clause (ii), for purposes of subparagraph (A), if the opposition personal funds amount is over--

`(i) 2 times the threshold amount, but not over 4 times that amount--

`(I) the increased limit shall be 3 times the applicable limit; and

`(II) the limit under subsection (a)(3) shall not apply with respect to any contribution made with respect to a candidate if such contribution is made under the increased limit of subparagraph (A) during a period in which the candidate may accept such a contribution;

`(ii) 4 times the threshold amount, but not over 10 times that amount--

`(I) the increased limit shall be 6 times the applicable limit; and

`(II) the limit under subsection (a)(3) shall not apply with respect to any contribution made with respect to a candidate if such contribution is made under the increased limit of subparagraph (A) during a period in which the candidate may accept such a contribution; and

`(iii) 10 times the threshold amount--

`(I) the increased limit shall be 6 times the applicable limit;

`(II) the limit under subsection (a)(3) shall not apply with respect to any contribution made with respect to a candidate if such contribution is made under the increased limit of subparagraph (A) during a period in which the candidate may accept such a contribution; and

`(III) the limits under subsection (d) with respect to any expenditure by a State or national committee of a political party shall not apply.

`(D) OPPOSITION PERSONAL FUNDS AMOUNT- The opposition personal funds amount is an amount equal to the excess (if any) of--

`(i) the greatest aggregate amount of expenditures from personal funds (as defined in section 304(a)(6)(B)) that an opposing candidate in the same election makes; over

`(ii) the aggregate amount of expenditures from personal funds made by the candidate with respect to the election.

`(2) TIME TO ACCEPT CONTRIBUTIONS UNDER INCREASED LIMIT-

`(A) IN GENERAL- Subject to subparagraph (B), a candidate and the candidate's authorized committee shall not accept any contribution, and a party committee shall not make any expenditure, under the increased limit under paragraph (1)--

`(i) until the candidate has received notification of the opposition personal funds amount under section 304(a)(6)(B); and

`(ii) to the extent that such contribution, when added to the aggregate amount of contributions previously accepted and party expenditures previously made under the increased limits under this subsection for the election cycle, exceeds 110 percent of the opposition personal funds amount.

`(B) EFFECT OF WITHDRAWAL OF AN OPPOSING CANDIDATE- A candidate and a candidate's authorized committee shall not accept any contribution and a party shall not make any expenditure under the increased limit after the date on which an opposing candidate ceases to be a candidate to the extent that the amount of such increased limit is attributable to such an opposing candidate.

`(3) DISPOSAL OF EXCESS CONTRIBUTIONS-

`(A) IN GENERAL- The aggregate amount of contributions accepted by a candidate or a candidate's authorized committee under the increased limit under paragraph (1) and not otherwise expended in connection with the election with respect to which such contributions relate shall, not later than ☐ days after the date of such election, be used in the manner described in subparagraph (B).

`(B) RETURN TO CONTRIBUTORS- A candidate or a candidate's authorized committee shall return the excess contribution to the person who made the contribution.

`(j) LIMITATION ON REPAYMENT OF PERSONAL LOANS- Any candidate who incurs personal loans made after the date of enactment of the Bipartisan Campaign Reform Act of 2001 in connection with the candidate's campaign for election shall not repay (directly or indirectly), to the extent such loans exceed $2☐0,000, such loans from any contributions made to such candidate or any authorized committee of such candidate after the date of such election.'.

(b) NOTIFICATION OF EXPENDITURES FROM PERSONAL FUNDS- Section 304(a)(6) of the Federal Election Campaign Act of 1971 (2 U.S.C. 434(a)(6)) is amended--

(1) by redesignating subparagraph (B) as subparagraph (E); and

(2) by inserting after subparagraph (A) the following:

`(B) NOTIFICATION OF EXPENDITURE FROM PERSONAL FUNDS-

`(i) DEFINITION OF EXPENDITURE FROM PERSONAL FUNDS- In this subparagraph, the term `expenditure from personal funds' means--

  `(I) an expenditure made by a candidate using personal funds; and

  `(II) a contribution or loan made by a candidate using personal funds or a loan secured using such funds to the candidate's authorized committee.

`(ii) DECLARATION OF INTENT- Not later than the date that is 1☐days after the date on which an individual becomes a candidate for the office of Senator, the candidate shall file a declaration stating the total amount of expenditures from personal funds that the candidate intends to make, or to obligate to make, with respect to the election will exceed the State-by-State competitive and fair campaign formula with--

  `(I) the Commission; and

  `(II) each candidate in the same election.

`(iii) INITIAL NOTIFICATION- Not later than 24 hours after a candidate described in clause (ii) makes or obligates to make an aggregate amount of expenditures from personal funds in excess of 2 times the threshold amount in connection with any election, the candidate shall file a notification with--

  `(I) the Commission; and

  `(II) each candidate in the same election.

`(iv) ADDITIONAL NOTIFICATION- After a candidate files an initial notification under clause (iii), the candidate shall file an additional notification each time expenditures from personal funds are made or obligated to be made in an aggregate amount that exceed $10,000 amount with--

  `(I) the Commission; and

  `(II) each candidate in the same election.

Such notification shall be filed not later than 24 hours after the expenditure is made.

`(v) CONTENTS- A notification under clause (iii) or (iv) shall include--

  `(I) the name of the candidate and the office sought by the candidate;

  `(II) the date and amount of each expenditure; and

  `(III) the total amount of expenditures from personal funds that the candidate has made, or obligated to make, with respect to an election as of the date of the expenditure that is the subject of the notification.

`(C) NOTIFICATION OF DISPOSAL OF EXCESS CONTRIBUTIONS- In the next regularly scheduled report after the date of the election for which a candidate seeks nomination for election to, or election to, Federal office, the candidate or the candidate's authorized committee shall submit to the Commission a report indicating the source and amount of any excess contributions (as determined under paragraph (1) of section 31□(i)) and the manner in which the candidate or the candidate's authorized committee used such funds.

`(D) ENFORCEMENT- For provisions providing for the enforcement of the reporting requirements under this paragraph, see section 309.'.

(c) DEFINITIONS- Section 301 of the Federal Election Campaign Act of 1971 (2 U.S.C. 431) is amended by adding at the end the following:

`(20) ELECTION CYCLE- The term `election cycle' means the period beginning on the day after the date of the most recent election for the specific office or seat that a candidate is seeking and ending on the date of the next election for that office or seat. For purposes of the preceding sentence, a primary election and a general election shall be considered to be separate elections.

`(21) PERSONAL FUNDS- The term `personal funds' means an amount that is derived from--

> `(A) any asset that, under applicable State law, at the time the individual became a candidate, the candidate had legal right of access to or control over, and with respect to which the candidate had--
>
>> `(i) legal and rightful title; or
>>
>> `(ii) an equitable interest;
>
> `(B) income received during the current election cycle of the candidate, including--
>
>> `(i) a salary and other earned income from bona fide employment;
>>
>> `(ii) dividends and proceeds from the sale of the candidate's stocks or other investments;
>>
>> `(iii) bequests to the candidate;
>>
>> `(iv) income from trusts established before the beginning of the election cycle;
>>
>> `(v) income from trusts established by bequest after the beginning of the election cycle of which the candidate is the beneficiary;
>>
>> `(vi) gifts of a personal nature that had been customarily received by the candidate prior to the beginning of the election cycle; and

`(vii) proceeds from lotteries and similar legal games of chance; and

`(C) a portion of assets that are jointly owned by the candidate and the candidate's spouse equal to the candidate's share of the asset under the instrument of conveyance or ownership, but if no specific share is indicated by an instrument of conveyance or ownership, the value of 1/2 of the property.'.

## SEC.

| THIS SEARCH | THIS DOCUMENT | GO TO |
|---|---|---|
| Next Hit | Forward | New Bills Search |
| Prev Hit | Back | HomePage |
| Hit List | Best Sections | Help |
| | Contents Display | |

THOMAS Home | Contact | Accessibility | Legal | FirstGov