# Federal Election Commission Advisory Opinion Number 1982-56

Back to Federal Election Commission Advisory Opinions Search Page

Federal Election Commission Main Page

October 29, 1982
CERTIFIED MAIL
RETURN RECEIPT REQUESTED
ADVISORY OPINION 1982-56
James P. Seidensticker, Jr.
Legal Counsel for Congressman Andrew Jacobs, Jr.
United States House of Representatives
Washington, D.C. 20515
Dear Mr. Seidensticker:
This responds to your request for an advisory opinion on
behalf of Congressman Andrew Jacobs concerning application of the
Federal Election Campaign Act of 1971, as amended ("the Act"), to
the appearance of Congressman Jacobs in a series of television
advertisements in which he endorses a candidate for local office.
Your request sets forth the following facts: Congressman
Andrew Jacobs is the incumbent Democratic Congressman from the
10th District in Indiana, which is located entirely within the
boundaries of Marion County, Indiana. Congressman Jacobs is also
presently a candidate for reelection to Congress from the 10th
District in Indiana. He has recently appeared in a series of
television advertisements in which be endorses Ann Delaney, a
Democratic candidate for Prosecutor of Marion County. A
transcript of the advertisement itself, together with a brief
description of the visual, is attached to your request and
describes the advertisement as follows:

The opening of the spot is a close-up picture
of Ann Delaney with the words across the bottom
"Paid for by the Ann Delaney for Prosecutor
Committee."
The narrator is reciting: "Ann Delaney is the
Democrat running for Marion County Prosecutor so
you expect the Democrats to recognize her
hardhitting courtroom qualifications." Marion
County Sheriff Jim Wells, an incumbent candidate
for Sheriff then comes around the corner of the
County Court House and says: "Ann Delaney turns
arrests into convictions. Vote for Ann Delaney."
His name is printed across the picture as he makes
his comments. Then Congressman Jacobs comes down
the steps of the Federal Building with

"Congressman Andy Jacobs" across the picture and says: "I think Ann Delaney is one of the best courtroom prosecutors we've ever had in this country." Then the narrator continues, "but would you expect her opponent to agree which he did when he said 'she's a tiger in the courtroom.'" There is a picture of just a blank with a tiger behind it and it comes back to Ann Delaney's face in close-up. The narrator continues: "Vote for the tiger; vote for Ann Delaney."

You state that the advertisement runs approximately 30 seconds of which Congressman Jacobs occupies approximately 7 seconds. The expenditures made to date by the Ann Delaney for Prosecutor Committee to run the advertisement total $3,000.
The specific questions presented in your request are whether, under the foregoing circumstances, the Ann Delaney for Prosecutor Committee has made an in-kind contribution to Congressman Jacobs' committee for reelection to Congress, and whether Congressman Jacobs' committee has received an in-kind contribution and made an expenditure under the Act. You also inquire as to the proper reporting of this activity.
The Act defines the term "contribution" as any gift, subscription, loan, advance, or deposit of money or anything of value made by any person "for the purpose of influencing any election for Federal office." 2 U.S.C. SS 431(8)(A)(i) Commission regulations make it clear that the term "anything of value" includes all in-kind contributions. See 11 CFR 100.7(a)(1)(iii)(A). The Commission has previously recognized that although media or other public appearances by candidates may benefit their election campaigns, the person defraying the costs of such an appearance will not be deemed to have made a contribution in-kind to the candidate absent an indication that such payments are made to influence the candidate's election to Federal office. See Advisory Opinions 1982-15, 1981-37, 1980-30, 1980-28, 1978-4, 1977-42, 1977-31 (as qualified by Advisory Opinion 1981-37), copies enclosed. In a similar situation where an incumbent Member of Congress who was a candidate for reelection endorsed, via a newspaper advertisement, a candidate for delegate to a national nominating convention, the Commission held that the political committee paying for the advertisement would not be deemed to have made an in-kind contribution to the Member of Congress' campaign so long as: 1) the purpose of the advertising is to advocate the election of the candidate receiving the endorsement, rather than that of the Member of Congress; and 2) the text of the advertisement emphasizes the election of the candidate being endorsed, and not the reelection campaign of the Congressman. See Advisory Opinion 1980-28.
Under the circumstances described in your request, it does not appear that payment of the expenses associated with the appearance of Congressman Jacobs in the advertisements would

constitute a contribution in-kind by the Ann Delaney for Prosecutor Committee. You state that the purpose of the advertisement, as well as of the Congressman's appearance therein, is to endorse and influence the election of Mrs. Delaney. Moreover, the content of the advertisement does not reflect an intent to influence Congressman Jacobs' reelection. The advertisement identifies the Congressman only as "Congressman Andy Jacobs". It contains no mention of his own candidacy, does not advocate his election or the defeat of his opponent, and contains no solicitation of funds to his campaign. Accordingly, payment of the costs incurred in connection with Congressman Jacobs' appearance would not constitute an in-kind contribution to his campaign and would not be reportable by his campaign committee.

The Commission expresses no opinion as to the application, if any, of the Communications Act of 1934, as amended, the regulations promulgated thereunder by the Federal Communications Commission, or of any other statutes, including State law, which are outside the Commission's jurisdiction.

This response constitutes an advisory opinion concerning application of the Act, or regulations prescribed by the Commission, to the specific transaction or activity set forth in your request. See 2 U.S.C. SS 437f.