### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLUMBIA

_____
                                          )
CHRISTOPHER SHAYS and                     )
MARTIN MEEHAN,                            )
                                          )
                    Plaintiffs,           )        Civil Action No. 06-CV-1247 (CKK)
                                          )
          v.                              )
                                          )
FEDERAL ELECTION COMMISSION,              )        OPPOSITION TO MOTION FOR
                                          )        LEAVE TO PARTICIPATE AS
                    Defendant.            )        AMICI CURIAE
_____   )

### DEFENDANT FEDERAL ELECTION COMMISSION'S OPPOSITION TO
### THE MOTION OF SENATORS JOHN McCAIN AND RUSSELL D. FEINGOLD
### FOR LEAVE TO PARTICIPATE AS AMICI CURIAE

Defendant Federal Election Commission ("Commission") opposes the motion of Senators

John McCain and Russell D. Feingold ("the Senators") to participate in this action as amici

curiae.  The Senators' motion—filed four months after the briefing of this action commenced—is

untimely, and the late filing of their brief, without any showing of good cause, would prejudice

the Commission's commitment to meet the briefing schedule that this Court ordered and to

which the parties stipulated.

### PROCEDURAL HISTORY

Plaintiffs filed their Complaint on July 11, 2006.  On October 16, 2006, the Court entered

a stipulated scheduling order that directed the parties to file cross-motions for summary

judgment.  Pursuant to that stipulation and order, Plaintiffs' opening brief was due on December

8, 2006, the Commission's opening and opposition brief was due on January 19, 2007, and

Plaintiffs' opposition and reply brief was due on February 16, 2007.

Plaintiffs and the Commission filed their opening briefs as directed by the scheduling order. On the day that the Commission filed its opening brief, the Center for Competitive Politics ("CCP") filed an unopposed motion for leave to file an amicus brief supporting the Commission. The Court granted CCP's motion on January 29, 2007.

Plaintiffs filed their opposition and reply brief on February 16, 2007. Also on that day, the Senators served upon the Commission their motion for leave to file an amicus brief in opposition to the Commission's motion for summary judgment. The Commission's summary judgment reply brief is due on March 16, 2007.

## ARGUMENT

The Senators' motion is untimely. Although no Federal Rule of Civil Procedure or Local Rule of this Court addresses the timeliness of a motion for leave to file an amicus brief, this Court should exercise its discretion and deny the Senators' motion to prevent disruption of the longstanding briefing schedule in this case. *See Ellsworth Assocs., Inc. v. United States*, 917 F. Supp. 841, 846 (D.D.C. 1996) ("The decision whether to allow a non-party to participate as an amicus curiae is solely within the broad discretion of the Court."). The Federal Rules of Appellate Procedure are instructive on this point: They provide that a motion for leave to file an amicus brief must be filed "no later than 7 days after the principal brief of the party being supported." FED. R. APP. P. 29(e); *see also* SUP. CT. R. 37.3 (providing that motion for leave to file amicus brief must be filed "within the time allowed for filing the brief for the party supported"). The purpose of this requirement is to ensure that the amicus brief is filed sufficiently early so "that no adjustment need be made in the opposing party's briefing

schedule." FED. R. APP. P. 29(e) cmt.  The Senators' motion does not comport with this principle.[1]

The Senators served their motion for leave to file an amicus brief on February 16, 2007, which was four months after the commencement of the five-month briefing schedule and more than sixty days after Plaintiffs submitted their "principal brief."  FED. R. APP. P. 29(e).  This filing was therefore well outside a reasonable time limit that would provide an opposing party sufficient time to respond properly to an amicus brief.

Despite the Senators' assertion that their participation "will not . . . burden any party" (Mot. & Supp. Mem. of P. & A. of U.S. Senators John McCain & Russell D. Feingold to Participate as Amici Curiae at 3 (hereinafter "Amicus Mot.")), the Commission would be unfairly prejudiced if the Senators were permitted to file their brief at this late stage. Specifically, because the interests of Plaintiffs and the Senators are functionally identical, the amicus brief would effectively serve as a supplemental brief on Plaintiffs' behalf.[2]  This would

---

[1]	Because a district court reviewing agency action on the basis of an administrative record "sits as an appellate tribunal," *Marshall County Health Care Auth. v. Shalala*, 988 F.2d 1221, 1225 (D.C. Cir. 1993), the appellate rules are particularly relevant to the Court's exercise of discretion here.

[2]	In *Shays I*, the Senators indicated that the only reason they did not participate as plaintiffs was because of a Senate rule that permits Senators to accept pro bono representation when they file amicus briefs, but not when they are parties.  *Shays v. FEC*, Br. of Amici Curiae of U.S. Senators John McCain and Russell D. Feingold in Support of Pls.' Mot. for Summ. J. at 1 (unnumbered footnote), No. 02-cv-1984 (D.D.C. Feb. 27, 2004).  The applicable Senate rule is still in effect.  *See* SELECT COMM. ON ETHICS, SENATE ETHICS MANUAL, S. PUB. 108-1, at 31, 115-16, http://ethics.senate.gov/downloads/pdffiles/manual.pdf.  In the past, the Senators have participated as parties jointly, with Plaintiffs Shays and Meehan, in briefing other FECA litigation, such as *McConnell v. FEC*, 540 U.S. 93 (2003), and *Christian Civic League of Maine v. FEC*, 433 F. Supp. 2d 81 (D.D.C. 2006), to which the Senate rule has not applied.  *See* S. Res. 227, 107th Cong. (2002) (permitting Senators to accept pro bono representation in litigation challenging constitutionality of certain statutes).  Thus, if the Senators had similarly participated jointly as plaintiffs in this case, they and the plaintiffs would have been subject to a single page limit.  The fact that the Senators have styled their current brief as a "Memorandum Opposing

confer upon Plaintiffs a significant tactical advantage by granting them additional briefing pages beyond the Court-ordered limit to respond to the Commission's motion for summary judgment, as well as by leaving the Commission with less than one month to file a reply addressing both Plaintiffs' forty-five-page opposition and the twenty-page amicus brief. Because such a late change in the briefing procedure would appear to call for an extension of the Commission's deadline and/or page limits in response, the Senators' motion runs contrary to the purpose of the timing rules that federal appellate courts have established for amicus filings, *i.e.*, to ensure "that no adjustment need be made in the opposing party's briefing schedule." FED. R. APP. P. 29(e) cmt.[3]

Despite acknowledging the Commission's timeliness objection (*see* Amicus Mot. at 1), the Senators' motion provides no explanation or good cause for their delay. Instead, the motion states that the Senators participated as amici in previous cases, including the "*Shays I*" (*Shays v. FEC*, No. 02-cv-1984 (D.D.C.)) and "*Shays II*" (*Shays v. FEC*, No. 04-cv-1597 (D.D.C.)) litigation. In *Shays I*, however, the Senators timely filed their amicus brief by submitting it concurrently with the plaintiffs' summary judgment brief. Similarly, in *Shays II*, the Senators filed their motion to participate as amici very early in the litigation—more than four months before any party to that case had filed a summary judgment motion. In neither case did the Senators wait until the majority of the briefing had been completed before informing the Commission and the Court of the Senators' intent to participate in the proceedings.

---

Defendant FEC's Motion for Summary Judgment" does not change the underlying nature of the Senators' participation in this matter and their desire to support Plaintiffs' summary judgment motion.

[3]     In addition, the Senators' filing of their motion contemporaneously with Plaintiffs' reply brief, rather than with their principal brief, was contrary to the general rule against amicus reply briefs in appellate proceedings. *See* FED. R. APP. P. 29(f).

Furthermore, in the instant case, CCP's amicus brief supporting the Commission's position was filed concurrently with the Commission's opening brief, as the appellate rules suggest is the appropriate procedure. Thus, even if the Senators' brief were intended to serve as a response to CCP's brief, the appropriate time to file the motion would have been, at the latest, upon their receipt of CCP's brief, rather than one month later.[4] Accordingly, absent a showing of good cause for their delay, the Senators' motion is untimely and should be denied. *See Jones v. Roper*, 311 F.3d 923, 927 (8th Cir. 2002) (denying motion to file amicus brief where motion was filed forty days after proposed amici learned of pending appeal, and where filing would have delayed proceedings).

In the alternative, if the Court grants the Senators' motion, the Commission requests that the Court extend the page limit on the Commission's reply brief to fifty-five pages—ten pages more than the scheduling order permits, but still fewer than the sum of the combined pages in Plaintiffs' opposition brief and the Senators' amicus brief. Although the Commission is in the process of reviewing Plaintiffs' response and has not yet determined how it will allocate the pages in its reply, an increased page limit would be warranted if the Commission were required to respond to the Senators as well as to Plaintiffs within the same reply brief.

## CONCLUSION

For the reasons stated above, the Commission respectfully requests that this Court deny the motion of Senators John McCain and Russell D. Feingold to participate in this action as

---

[4]     Indeed, the combination of the alignment of the Plaintiffs' and the Senators' interests and the fact that the Senators' brief addresses several issues raised by CCP has enabled Plaintiffs to omit discussion of those issues from their second brief and devote additional pages of that brief to other arguments to which the Commission will have to respond within the established page limit.

amici curiae. In the alternative, the Commission respectfully requests that the Court enter an

order setting the page limit for the Commission's reply brief at fifty-five pages.

Respectfully submitted,

/s/ Thomasenia P. Duncan
Thomasenia P. Duncan
Acting General Counsel

/s/ Richard B. Bader
Richard B. Bader (D.C. Bar # 911073)
Associate General Counsel

/s/ David Kolker
David Kolker (D.C. Bar # 394558)
Assistant General Counsel

/s/ Vivien Clair
Vivien Clair
Attorney

/s/ Greg J. Mueller
Greg J. Mueller (D.C. Bar # 462840)
Attorney

/s/ Adav Noti
Adav Noti (D.C. Bar # 490714)
Attorney

February 23, 2007

FOR DEFENDANT
FEDERAL ELECTION COMMISSION
999 E Street NW
Washington, DC 20463
(202) 694-1650