UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                            )
CHRISTOPHER SHAYS and                       )
MARTIN MEEHAN,                              )
                                            )
                Plaintiffs,               )
                                            )
     v.                                   )
                                            ) C. A. No. 06–CV–1247 (CKK)
FEDERAL ELECTION COMMISSION,                )
                                            )
                Defendant.                )
_____)


**REPLY MEMORANDUM OF U.S. SENATORS JOHN McCAIN AND
RUSSELL D. FEINGOLD TO DEFENDANT FEDERAL ELECTION
COMMISSION'S OPPOSITION TO MOTION FOR LEAVE
TO PARTICIPATE AS AMICI CURIAE**

This memorandum is respectfully submitted in reply to the defendant Federal Election Commission's Opposition to the Motion for Leave to Participate as *Amici Curiae* filed by U.S. Senators John McCain and Russell D. Feingold ("FEC Opposition"). As explained below, the Commission's reasons for opposing the filing of the *amici* brief are without merit.

ARGUMENT

The FEC's main basis for its opposition to the *amici*'s filing is the contention that it was untimely. As we show below, *amici* submitted their papers within the time set forth in the scheduling order for the instant case, as well as within a timeframe for filing *amici* briefs to which the FEC has consistently consented in prior litigation.

The point of *amici*'s filing was to respond in opposition to the Commission's motion for summary judgment. The *amici*'s filing was not a brief in support of Shays-

1

Meehan plaintiffs' motion for summary judgment; rather, it was a brief in opposition to the Commission's summary judgment motion. The FEC is essentially suggesting that *amici* should have filed a responsive brief to the FEC's motion for summary judgment before that motion was even filed, an obvious impossibility.

Contrary to what the FEC argues, the *amici*'s filing was timely under this Court's scheduling order. Under that order, responses to the FEC's motion for summary judgment were due on February 16, 2007. Thus, on that due date, the Shays-Meehan plaintiffs filed their opposition papers to the FEC's motion for summary judgment—and on that same day, the *amici* herein filed and served their opposition papers as well. The date on which *amici*'s opposition papers were filed was the appropriate date under the Court's scheduling order for the purpose of filing a response to the FEC's summary judgment motion.[1]

The FEC cites to the *Shays I* and *Shays II* briefing schedules as support for their position that *amici*'s filing was untimely here. But in fact, the timing of *amici* filing in each of those cases is consistent with the filing of *amici* here. Consider what happened in *Shays II* (*Shays v. FEC*, No. 04-cv-1597 (D.D.C.)), which is nearly identical to the situation here. We set out below the relevant dates from the briefing schedule from *Shays II*:

---

[1] According to the Commission, the *amici*'s motion and brief in this case was "filed four months after the briefing of this action commenced[.]" FEC Opposition at 1. To reach such a calculation, the FEC starts the clock back when the scheduling order was entered in this case on October 16, 2006. Of course, the "briefing of this action" did not commence when the scheduling order was entered. Rather, the "briefing of this action commenced" when the plaintiffs filed their opening brief on December 8, 2006 and, more importantly, the time for drafting a brief in response to the FEC's motion for summary judgment under the scheduling order commenced when the FEC's summary judgment motion was filed on January 19, 2007. The FEC's claim that the *amici*'s filing was four months after the briefing commenced is factually incorrect and misleading.

2

| Date | Event |
|---|---|
| 2/22/05 | Scheduling Order entered prescribing briefing schedule |
| 4/28/05 | Plaintiffs file summary judgment motion |
| 6/7/05 | FEC Defendant files opposition to plaintiffs' summary judgment motion and its motion for summary judgment |
| 7/15/05 | Plaintiffs' file in opposition to FEC's motion for summary judgment and reply to FEC's opposition |
| 7/15/05 | *Amici* McCain and Feingold File *Amici* Brief Opposing FEC's motion for summary judgment |

In *Shays II*, *amici* filed their opposition to the FEC's motion for summary judgment simultaneously with plaintiffs' opposition to the FEC motion, the exact same timing and sequence as in the present action. It is also worth noting that the FEC did <u>not</u> contest the timeliness of the *amici*'s filing in the *Shays II* litigation; indeed the FEC consented to the filing (although they later moved to strike certain exhibits).

In an effort to distinguish *Shays II,* the FEC notes that *amici* in *Shays II* filed a motion for leave to participate well before any party had filed their motion for summary judgment. FEC Opposition at 4. *Amici's* motion to participate in *Shays II*, however, was <u>not accompanied by a brief</u> and thus did not set forth in detail the arguments that the *amici* would make. *Amici's* arguments in *Shays II*, of course, were set forth only when *amici* filed their brief opposing the FEC's summary judgment brief on July 15, 2006—seven months after filing their motion for leave to participate.

The early filing of a bare motion for leave to participate as *amicus* is of incidental importance. Even if *amici* McCain and Feingold had filed a motion for leave to participate in the instant case back in October 2006, and then proceeded to file their brief

3

in opposition to the FEC's motion for summary judgment on February 16, 2007, the FEC's position would be substantively identical to that which it is today, and to that which it was in *Shays II*—*i.e.*, having approximately one month to respond to *amici* arguments opposing the Commission's motion for summary judgment. Thus, any claim by the FEC that it is harmed in the instant case, but would not have been harmed if Senators McCain and Feingold had merely advised them of the Senators' interest in playing the role of *amici* last year, is specious.[2] It is the filing of a substantive brief that triggers a party's need to formulate arguments in response, and just as the FEC was not prejudiced by the need to address arguments of both plaintiffs and *amici* in the Commission's reply brief in *Shays II*, the Commission would likewise not be prejudiced by the need to do so in the instant case.

    A review of the timing and sequence of the *amici* participation by Senators McCain and Feingold in *Shays I* (*Shays v. FEC*, No. 02-cv-1984 (D.D.C.)) likewise provides no support for the FEC's opposition to the Senators' *amici* participation in this case. Unlike the staggered briefing schedules in both *Shays II* and *Shays III*, the *Shays I* scheduling order provided for <u>simultaneous</u> cross motions for summary judgment, followed by simultaneously filed reply briefs approximately one month later. Order of January 7, 2004, at 2. Thus, both the plaintiffs and the FEC filed their motions for

---

[2] In their opposition to the *amici*'s motion in this case, the FEC states that "[t]he fact that the Senators have styled their current brief as a 'Memorandum Opposing Defendant FEC's Motion for Summary Judgment' does not change the underlying nature of the Senators' participation in this matter and their desire to support Plaintiffs' summary judgment motion." FEC Opposition at 3-4 n.2. We do not believe that the "desire" of the *amici* is of any relevance or interest to the court in resolving the issues in this case. In any event, the FEC does not dispute that the McCain-Feingold proposed *amici* brief rebuts the arguments made by the FEC and the Center for Competitive Politics supporting the FEC's motion for summary judgment.

4

summary judgment on February 27, 2004, and filed their reply briefs March 31, 2004. *Amici* McCain and Feingold filed a brief as *amici curiae* on February 27, 2007, when both parties filed their opening briefs. Thus, given the simultaneous summary judgment briefing in *Shays I*, *amici* McCain and Feingold filed their briefs at the only time that would have allowed the FEC to rebut *amici's* arguments in the Commission's reply brief one month later. Just as the timing of *amici's* submission in *Shays I* provided the Commission with ample time to rebut *amici's* arguments in the Commission's reply brief, so too does the timing of *amici's* submission in the instant case.

The FEC cites as support for their opposition the typical briefing patterns contemplated by the Federal Rules of Appellate Procedure, but those rules are inapposite to this case. In an appellate briefing pattern, Party A files first; then party B files; and party A then files a reply. *Amici* supporting Party A in the court of appeals must file either at or shortly after the time Party A files its opening brief; similarly, *amici* supporting Party B in the court of appeals must file either at or shortly after the time Party B files its brief. *See* Fed.R.App.P. 29(e) ("An amicus curiae must file its brief…no later than 7 days after the principal brief of the party being supported is filed.").

But the instant case is being briefed very differently, with the Court's scheduling order providing for sequential cross-motions for summary judgment. The briefing schedule assumed by the appellate rules must be mapped onto that. <u>For purposes of the Commission's cross-motion for summary judgment,</u> filed on January 19, 2007, the Commission was Party A, and the Shays-Meehan plaintiffs were Party B—filing an opposition to that motion on February 16. Senators McCain and Feingold appropriately filed their motion and accompanying *amici* brief at the same time the Shays-Meehan

5

plaintiffs filed their responsive pleading. The Commission, Party A with respect to its summary judgment cross-motion, now has the opportunity to file a reply brief March 16.

Similarly, the FEC's argument that it will be burdened by the *amici* brief is meritless. While the FEC claims that the briefing schedule would be upset by allowing the *amici* filing, the Commission offers no reasons why it cannot meet the existing briefing schedule. Indeed, the Commission met a similar schedule for reply briefs in both *Shays I* and *Shays II*. The Commission is essentially in the same position as plaintiffs, who faced (and consented to) the submission of an *amicus* brief (accompanied by over 50 pages of attachments) by the Center for Competitive Politics that was filed, along with the Commission's brief, in opposition to the plaintiffs' motion for summary judgment. Plaintiffs then had a month to file their reply brief in response to both the Commission's filing and the *amici* filing, and did so without asking for either more time or more pages. Instead of providing reasons why it can not accomplish the same in the instant case, the Commission merely cites the fact that the *amici* brief adds twenty extra pages of argument in opposition to their summary judgment motion—without coming forward with facts that show it cannot file a timely reply in the month it has under the Court's scheduling order.

Finally, the FEC is mistaken in implying that Senators McCain and Feingold could have participated as plaintiffs with Representatives Shays and Meehan in this case, since they have participated as parties with Reps. Shays and Meehan in other cases. The Commission notes that, "In the past, the Senators have participated as parties jointly, with Plaintiffs Shays and Meehan, in briefing other FECA litigation, such as *McConnell v. FEC*, 540 U.S. 93 (2003), and *Christian Civic League of Maine v. FEC*, 433 F. Supp. 2d

6

81 (D.D.C. 2006) . . . ." FEC Opposition at 3 n.2. The Commission argues that "if the Senators had similarly participated jointly as plaintiffs in this case, they and the plaintiffs would have been subject to a single page limit." *Id.*

Contrary to the FEC's insinuations, *amici* Senators McCain and Feingold could <u>not</u> have participated as plaintiffs in this case because, by contrast to the Rules of the U.S. House of Representatives applicable to Plaintiffs Shays and Meehan, the Rules of the U.S. Senate do not allow Senators to accept *pro bono* legal representation as parties in a lawsuit unless the lawsuit is a civil action challenging the constitutionality of a federal statute that expressly authorizes a Senator to file or intervene in an action. *See* Senate Ethics Manual at 31, 115–16 (prohibiting *pro bono* representation as a party)[3]; *but cf.* S. Res. 227, 107th Cong. (2002) (allowing *pro bono* representation as a party where challenged statute expressly authorizes a Senator to file or intervene in an action). The lawsuits cited by the FEC (*McConnell* and *Christian Civic League of Maine*) were both civil actions challenging the constitutionality of the Bipartisan Campaign Reform Act of 2002, which expressly authorized Senators to file or intervene as parties in challenges to the statute. The instant lawsuit, by comparison, is brought under the Administrative Procedures Act, which contains no such authorization. Senators are, however, permitted to accept *pro bono* services for the filing of *amicus* briefs. *See* Senate Ethics Manual, *supra*. Accordingly, Senators McCain and Feingold have authorized undersigned counsel and the Campaign Legal Center to represent them *pro bono* as *amici curiae* in this matter.

---

[3] *Available at* http://ethics.senate.gov/downloads/pdffiles/manual.pdf.

CONCLUSION

For the reasons set forth above and those set out in the motion for leave to participate as *amici curiae*, Senators McCain and Feingold respectfully submit that their motion should be granted and their *amici* brief filed.

Respectfully submitted,

/s/ J. Gerald Hebert
J. GERALD HEBERT
(D.C. Bar No. 447676)
PAUL S. RYAN
(D.C. Bar No. 502514)
THE CAMPAIGN LEGAL CENTER
1640 Rhode Island Ave. NW, Suite 650
Washington, DC  20036
Tel: (202) 736-2200
Fax: (202) 736-2222

Counsel for *Amici Curiae*
Senators John McCain and Russ Feingold

**Dated:  February 27, 2007**

8

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing reply memorandum has been filed via email, pursuant to Part I(II)(F) of the "Clerk's Office General Information & Civil Filing Procedures" (Documents Exempt From the CM/ECF System), on this 27th day of February, 2007. In addition, the following counsel have been served with copies of the foregoing memorandum via email (where email addresses are available and known) and via first-class mail, postage pre-paid.

**Attorneys Representing Plaintiffs:**

Roger M. Witten (Bar No. 163261)
WILMER CUTLER PICKERING
    HALE AND DORR LLP
399 Park Avenue
New York, New York 10022
(212) 230-8800

Randolph D. Moss (Bar No. 417749)
WILMER CUTLER PICKERING
    HALE AND DORR LLP
1875 Pennsylvania Avenue, N.W.
Washington, D.C. 20006
(202) 663-6000

Donald J. Simon (Bar No. 256388)
SONOSKY. CHAMBERS, SACHSE,
    ENDRESON & PERRY LLP
1425 K Street. N.W., Suite 600
Washington, D.C. 20005
(202) 682-0240

Charles G. Curtis. Jr. (*pro hac vice*)
Michelle M. Umberger (Bar No.480620)
David L. Anstaett (*pro hac vice*)
Lissa R. Koop (*pro hac vice*)
HELLER EHRMAN LLP
One East Main Street. Suite 201
Madison, Wisconsin 53703
(608) 663-7460

Fred Wertheimer (Bar No. 154211)
DEMOCRACY 21
1825 Eye Street, N.W., Suite 400
Washington, D.C. 20006
(202) 429-2008

| **Attorneys Representing Defendants:** | **Attorneys Representing** *Amicus* **Center for Competitive Politics:** |
|---|---|
| Thomasenia Duncan<br>Richard B. Bader (Bar No. 911073)<br>David Kolker (Bar No. 394558)<br>Vivien Clair<br>Greg J. Mueller<br>FEDERAL ELECTION COMMISSION<br>999 E Street, N.W.<br>Washington, D.C. 20463<br>(202) 694-1650 | Harry M. Johnson, III<br>Sean P. Trende<br>George P. Sibley<br>HUNTON & WILLIAMS LLP<br>Riverfront Plaza, East Tower<br>951 East Byrd Street<br>Richmond, Virginia  23219-4074 |

                                                      /s/ J. Gerald Hebert
                                                      J. Gerald Hebert