UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| CHRISTOPHER SHAYS and MARTIN MEEHAN, | ) ) ) ) | |
| Plaintiffs, | ) ) | Civil Action No. 06-CV-1247 (CKK) |
| v. | ) ) ) | |
| FEDERAL ELECTION COMMISSION, | ) ) | NOTICE REGARDING ADDITIONAL BRIEFING |
| Defendant. | ) ) | |

**DEFENDANT FEDERAL ELECTION COMMISSION'S NOTICE REGARDING ADDITIONAL BRIEFING ON PENDING MOTIONS FOR SUMMARY JUDGMENT**

Pursuant to this Court's Order of July 6, 2007, the Federal Election Commission ("Commission") hereby provides notice that, for the reasons stated below, the Commission does not believe that the Supreme Court's decision in *FEC v. Wisconsin Right to Life, Inc.*, 551 U.S. ___, 2007 WL 1804336 (June 25, 2007) (*WRTL*) is directly relevant to the issues in this case and does not believe that additional briefing is necessary at this time.

Pending before the Court are the parties' cross-motions for summary judgment in which the plaintiffs challenge four regulations promulgated by the Commission. Plaintiffs have challenged the Commission's test for determining when a communication is "coordinated" with a federal candidate or a political party committee so that the cost of such a communication must be treated as an in-kind contribution to the candidate or party committee (11 C.F.R. 109.21), the sufficiency of the Commission's explanations for its regulatory definitions of "voter registration activity" and "get-out-the-vote activity" (11 C.F.R. §§ 100.24(a)(2) and (a)(3)), and the

sufficiency of the Commission's explanation for its rule governing attendance by federal officeholders and candidates at state and local fundraising events (11 C.F.R. § 300.64).

The Court in *WRTL* determined that one of the financing restrictions in the Bipartisan Campaign Reform Act of 2002, 116 Stat. 91, 2 U.S.C. § 441b(b)(2), could not constitutionally be applied to certain advertisements that Wisconsin Right to Life had proposed to run. *See* slip op. at 28. WRTL had made clear from the outset of the litigation, however, that its ads would be "broadcast independent of any candidate or political party." *See* Am. V. Compl. ¶ 50, Sept. 1, 2004 [Docket # 30]. The *WRTL* decision therefore is not directly relevant to the Commission's regulations challenged here, including 11 C.F.R. § 109.21, which establishes "content" and "conduct" standards for determining, *inter alia*, when certain public communications are to be treated as coordinated expenditures under the Federal Election Campaign Act.

In the principal opinion in *WRTL*, Chief Justice Roberts reiterated a number of longstanding general principles of the Court's campaign finance jurisprudence, including that "when it comes to drawing difficult lines in the area of pure political speech," the First Amendment requires that the Court "give the benefit of the doubt to speech, not censorship." Slip op. at 29. As we have explained previously, those general principles support the Commission's careful line drawing in the regulations at issue. *See, e.g.*, FEC SJ Mem. at 42-49 (the coordinated communication regulation accommodates First Amendment concerns); *id.* at 18-19 (clear voter registration definition furthers First Amendment interests). Chief Justice Roberts' analysis is also clearly premised (*see* slip op. at 23-28) on the fact that WRTL's ads were to be independent expenditures.

In sum, because the Commission has already explained how its regulations are consonant with previous opinions of the Supreme Court, and because the *WRTL* decision does not directly

2

address the questions at issue in this case, the Commission does not believe that additional

briefing regarding the parties' summary judgment motions is necessary.

|  |  |
|---|---|
|  | Respectfully submitted, |
|  | /s/ Thomasenia P. Duncan |
|  | Thomasenia P. Duncan |
|  | General Counsel |
|  |  |
|  | /s/ David Kolker |
|  | David Kolker |
|  | Acting Associate General Counsel |
|  | (D.C. Bar # 394558) |
|  |  |
|  | /s/ Kevin Deeley |
|  | Kevin Deeley |
|  | Acting Assistant General Counsel |
|  |  |
|  | /s/ Vivien Clair |
|  | Vivien Clair |
|  | Attorney |
|  |  |
|  | /s/ Greg J. Mueller |
|  | Greg J. Mueller |
|  | Attorney |
|  | (D.C. Bar # 462840) |
| July 13, 2007 | FOR THE DEFENDANT |
|  | FEDERAL ELECTION COMMISSION |
|  | 999 E Street, N.W. |
|  | Washington, D.C. 20463 |
|  | (202) 694-1650 |

3