IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Christopher Shays and Martin Meehan,<br><br>                              Plaintiffs,<br><br>    v.<br><br>United States Federal Election Commission,<br><br>                              Defendant. | Civil Action No. 06-CV-1247<br>(Judge Kollar-Kotelly) |

**PLAINTIFFS' NOTICE REGARDING THE BEARING OF *FEC v. WISCONSIN RIGHT TO LIFE* ON PENDING CROSS-MOTIONS FOR SUMMARY JUDGMENT**

The plaintiffs, Christopher Shays and Martin Meehan, by their undersigned counsel, and pursuant to this Court's July 6, 2007 Order, give Notice that they do not believe additional briefing on the pending motions for summary judgment is necessary in light of the Supreme Court's decision in *FEC v. Wisconsin Right to Life* ("*WRTL*"), 551 U.S. __ (2007). *WRTL* involved a constitutional challenge to Title II-A of BCRA as applied to particular independent expenditures. It has no direct bearing on the resolution of the pending cross-motions here, which involve a facial challenge to certain aspects of the Commission's Title I soft money regulations and Title II-B coordination regulations. *WRTL* dealt solely with the regulation of *independent* expenditures, not *coordinated* expenditures. Nothing in *WRTL* conflicts with the long-standing constitutional, statutory, and regulatory distinctions between independent expenditures, on the one hand, and coordinated expenditures (*i.e.*, contributions), on the other. These distinctions already have been addressed in plaintiffs' summary judgment briefing. *See* Plaintiffs' Opening Mem. at 5-7 (Dkt. 18); Plaintiffs' Reply Mem. at 5-9 (Dkt. 24). In addition, although *WRTL*

- 2 -

discusses application of the "express advocacy" test in the context of independent expenditures, plaintiffs already have demonstrated why express advocacy in any form—"magic words" or their "functional equivalent"—is an unlawfully under-inclusive standard in the context of regulating *coordinated* communications. *See* Plaintiffs' Opening Mem. at 26-31; Plaintiffs' Reply Mem. at 9-12.

Although *WRTL* arguably could be relevant to different challenges against the coordination regulations that might be brought in the future by other plaintiffs, it does not affect the outcome here. However, if the Court desires further briefing, plaintiffs respectfully request that briefing be expedited given the importance of the pending issues to the 2008 election cycle (already well underway).

Dated this 13th day of July, 2007.

Respectfully submitted,

Roger M. Witten (Bar No. 163261)
WILMER CUTLER PICKERING
    HALE AND DORR LLP
399 Park Avenue
New York, New York  10022
(212) 230-8800

Randolph D. Moss (Bar No. 417749)
WILMER CUTLER PICKERING
    HALE AND DORR LLP
1875 Pennsylvania Avenue, N.W.
Washington, D.C.  20006
(202) 663-6000

Donald J. Simon (Bar No. 256388)
SONOSKY, CHAMBERS, SACHSE,
    ENDRESON & PERRY LLP
1425 K Street, N.W., Suite 600
Washington, D.C.  20005
(202) 682-0240

Charles G. Curtis, Jr. (*pro hac vice*)
Michelle M. Umberger (Bar No. 480620)
David L. Anstaett (*pro hac vice*)
Lissa R. Koop (*pro hac vice*)
HELLER EHRMAN LLP
One East Main Street, Suite 201
Madison, Wisconsin  53703
(608) 663-7460

Fred Wertheimer (Bar No. 154211)
DEMOCRACY 21
1825 Eye Street, N.W., Suite 400
Washington, D.C.  20006
(202) 429-2008

*Attorneys for Plaintiffs Christopher Shays
and Martin Meehan*