# EXHIBIT 5



FEDERAL ELECTION COMMISSION
Washington, DC  20463

November 5, 2007

<u>VIA EMAIL</u>

Charles G. Curtis, Jr., Esq.                    Donald J. Simon, Esq.
Heller Ehrman White & McAuliffe, LLP            Sonosky, Chambers, Sachse, Endreson &
One East Main Street, Suite 201                     Perry LLP
Madison, WI  53703                              1425 K Street, N.W., Suite 600
charles.curtis@hellerehrman.com                 Washington, D.C.  20005
                                                dsimon@sonosky.com

        Re:     *Shays v. Federal Election Commission*, Civil Action No. 06-1247 (CKK) (D.D.C.)

Dear Mssrs. Curtis and Simon:

        Thank you for conferring with us regarding the Court's remand to the Commission.  As
you know, subsequent to the Court's order, the Commission announced that it will seek appellate
review regarding each of the regulations that the Court did not uphold.  Although the
Commission expects that the D.C. Circuit will uphold all of its regulations on appeal, we have
not sought a stay pending appeal.  The Commission will "take procedural steps leading towards
the drafting of proposed regulations" during the pendency of the appeal, just as the Commission
successfully handled preparations for possible new regulations during the *Shays I* appeal.  *Shays
v. FEC* ("*Shays I*"), 340 F. Supp. 2d 39, 54 (D.D.C. 2004).

        As with the initial *Shays* litigation, you argued in the most recent proceedings that the
Court should enjoin the Commission from enforcing the regulations at issue and "order the
Commission to commence expedited rulemaking proceedings and to adopt appropriate interim
regulations to govern during the pendency of its rulemaking proceedings."  *Shays v. FEC*
("*Shays III*"), Civil Action No. 06-1247 (CKK), slip op. at 93 (D.D.C. Sept. 12, 2007).  The
Court once again rejected that request, concluding that "the Court does not believe that there is a
basis for granting Plaintiff's request for relief."  *Id.*  Instead, the Court held that "[u]nder settled
principles of administrative law" its' "inquiry is at an end" and the "case must be remanded to
the agency for further action . . . ."  *Id.* (internal quotations omitted).  You have asked that we

provide you with a "specific schedule" for the Commission's proceedings on remand to comply with the Court's "instructions." We are unaware of any requirement from the Court that we provide you with such an advance schedule, but will nevertheless endeavor to provide you with some sense of the Commission's current priorities and activities.

The Commission is currently engaged in a number of rulemaking projects, including three major expedited proceedings that were necessitated by acts of Congress or a Supreme Court decision. On September 14, 2007, the President signed the Honest Leadership and Open Government Act of 2007 ("HLOGA"), which contained two changes to the Federal Election Campaign Act. The new law and its implementation are very high Commission priorities.

One of HLOGA's changes to an area of FEC jurisdiction was its placement of new restrictions on the use of campaign funds for travel on noncommercial aircraft. That provision became effective as of the date of the law's enactment. To implement the law and provide guidance to the regulated community, the Commission is rapidly amending its current regulations. The Commission issued a Notice of Proposed Rulemaking on October 18, 2007, is receiving public comments until November 13, and will hold a hearing on November 15 so that it may vote on a final rule before the end of December.

Another provision of the new law amends FECA to require the disclosure of information regarding certain bundled contributions. Congress required that the Commission finalize regulations to implement this provision within six months of the law's enactment. The Commission thus issued a notice of proposed rulemaking on October 30, is receiving comments until November 30, and will hold a hearing in time to meet its statutory deadline for issuing final rules.

A third major expedited rulemaking proceeding that is underway involves the Supreme Court's decision in the *Wisconsin Right to Life* case. As you know, the Supreme Court held that BCRA's financing restrictions could not constitutionally be applied to a class of "electioneering communications" and the Commission is attempting to amend its regulations to implement the decision. The Commission issued a notice of proposed rulemaking on August 23, 2007, held two days of hearing on October 17-18, and plans to vote on a final rule this month. Many of the twenty-five commenters or groups of commenters expressed conflicting viewpoints on the difficult First Amendment questions that must be resolved in the wake of *Wisconsin Right to Life*. The Commission is also presently attempting to complete a rulemaking begun earlier this year on jointly financed party/candidate "hybrid" ads, ads on which the major parties spent more than $50 million in the last presidential election.

As you can see, the Commission is engaged in a number of time-sensitive rulemaking projects that must be completed as early as possible given their impact on the ongoing 2008 election campaigns. The Commission and its Policy staff also have ten pending advisory opinion requests — several of which ask for expedited treatment — and the Commission, of course, has a busy docket of enforcement and other matters.

The Commission will make preparations to amend its regulations in light of the *Shays III* decision as expeditiously as possible given its other priorities. The regulations about which you

are concerned cannot be finalized until after the D.C. Circuit issues its opinion. It is quite possible not only that the Commission will prevail before that court, but also that the appeals court will present additional or different guidance from that of the district court in ways that cannot be anticipated, as the appellate court did in *Shays I*.

Since the Commission announced that it would appeal the rulings a little over two weeks ago, there have, of course, been internal discussions about how the Commission will proceed in light of the Court's opinion. To date, the Commission has not issued a notice of proposed rulemaking or announced a rulemaking schedule. The Commission is not prepared to do so through this correspondence and no provision of the Court's order imposes such a requirement. Although we are unable to send you a written schedule at this time, we believe that the assurances provided in this letter and this explanation of the current Commission workload should alleviate any concern that the Commission is not expeditiously administering FECA in the face of the coming election.

With respect to Local Rule 7(m), we are unable at this time to indicate whether the Commission opposes "the relief sought" in the motion you are considering because you have not identified the relief that you will seek. LCvR 7(m). Should your client decide to file a motion with the district court, please advise us as to the relief that you seek so that we may determine whether the Commission opposes your motion and, if possible, "narrow the areas of disagreement." *Id.* We hope, however, that the Commission's continuing efforts to balance responsibly competing priorities arising from multiple Congressional and court directives will obviate the need for any recourse to the court.

Sincerely,

/s
David Kolker
Associate General Counsel