IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Christopher Shays,<br><br>                                    Plaintiff,<br><br>v.<br><br>United States Federal Election Commission,<br><br>                                    Defendant. | Civil Action No. 06-1247 (CKK) |

**PLAINTIFF'S REPLY TO DEFENDANT FEDERAL ELECTION COMMISSION'S RESPONSE TO PLAINTIFF'S MOTION TO ENFORCE JUDGMENT**

**Introduction**

In *Shays I*, this Court ordered the Commission to proceed on remand so that it would "have new, fully compliant regulations ready for immediate implementation after the expiration of its appeals process" in order to "substantially increase the likelihood that [] revised, compliant regulations will be in place for a major portion of the 2006 election cycle and will mitigate against the injury to both Plaintiffs and the public." 340 F. Supp. 2d 39, 51 (D.D.C. 2004). With respect to the critical regulation governing coordinated campaign communications, the Commission failed entirely to comply with this Court's command. By the time its appeals process had expired, the Commission had taken *no* steps towards promulgating a new coordination rule. Indeed, the Commission does not dispute that it did not even initiate a new coordination rulemaking until two months after its rehearing petition was denied by the Court of Appeals, five months after the panel opinion of the Court of Appeals rejected the Commission's appeal, and some fourteen months after it was ordered to proceed with "reasonable expediency"

by this Court. *Id.* at 52. As a result, the Commission's re-promulgated coordination regulation was not in effect "for a major portion of the 2006 election cycle," but rather for a mere four months before election day. *See* Coordinated Communications, 71 Fed. Reg. 33,190 (June 8, 2006) (noting re-promulgated regulation's July 10, 2006 effective date). Plaintiff has filed this motion to enforce the judgment in *Shays III*, 508 F. Supp. 2d 10 (D.D.C. 2007), in the hopes of averting a repeat performance by the Commission—one that promises to leave in place "a coordinated communication free-for-all" for the entire 2008 election cycle and beyond. *Shays I Appeal*, 414 F.3d 76, 100 (D.C. Cir. 2005); *see also Shays III*, 508 F. Supp. 2d at 47.

## Argument

In its response brief, the Commission does little more than offer bland assurances that, "[a]s it did during the *Shays I* appeal, the Commission will prepare for possible new regulations during the appeal process." FEC Resp. Br. at 6; *see also id.* at 1 ("[T]he Commission does not dispute the need for it to make preparations for new regulations during the pendency of the appeal."). This is hardly reassuring given the Commission's failure to take *any* steps towards promulgating a new coordination rule during the pendency of the *Shays I* appeal. Significantly, the Commission's open-ended promise to take some unspecified action "to prepare for the possibility of revised regulations," FEC Resp. Br. at 10, carefully avoids any commitment to have "new, fully compliant regulations ready for *immediate implementation* after the expiration of its appeals process," as this Court required in *Shays I*. 340 F. Supp. 2d at 51 (emphasis added). Without such a meaningful commitment from the Commission, it is unlikely that BCRA-compliant coordination and federal election activity regulations will govern any portion of the 2008 election cycle. Pursuant to the expedited briefing schedule that the parties have proposed to the Court of Appeals, briefing will not be complete until March 21, 2008. Even

assuming a speedy disposition once briefing is concluded, the Commission's appeals process is unlikely to expire before the summer. If the Commission does not have new regulations ready for immediate implementation at that point, it will predictably argue that it is too late in the 2008 election cycle to finalize and implement a revised rule.[1] This Court once again should "decline[] to stamp the Commission's 'business-as-usual' tactics and request for delay with the judicial imprimatur of approval." *Id.* at 41.

      Having once again invalidated the Commission's coordination and federal election activity rules, this Court's September 2007 order instructs the Commission to "act promptly" on remand "in light of the impending 2008 elections." 508 F. Supp. 2d at 71. In its response, the Commission asks plaintiff and the Court to take it on faith that it will do so, while simultaneously declaring its unwillingness even to so much as "announce its specific rulemaking priorities" before January 2008—some *four months* after it was ordered to act expeditiously. FEC Resp. Br. at 9. With the 2008 elections approaching rapidly and the "existence of loopholes and unfaithful regulations constitut[ing] a daily injury to both [plaintiff's] interests and the clearly articulated intent of Congress," 340 F. Supp. 2d at 52, the Commission's apparent belief that it can spend four months pondering whether compliance with this Court's remand order ranks among its rulemaking priorities cannot be reconciled with the requirement that it "act promptly" to remedy its faulty regulations. Even assuming the Commission follows through on its commitment to announce its general rulemaking priorities in January 2008, and assuming that compliance with this Court's remand order makes the list, the Commission has given no

---

[1] *See* 340 F. Supp. 2d at 52 ("If the Commission proceeds with new rulemakings and administrative actions too far into the 2006 election cycle, the Commission might well contend that it would be too late to change the flawed rules in time for that election, and the loopholes and provisions unfaithful to BCRA would continue until the 2008 elections.").

indication of *when* next year it intends to take any concrete steps toward the promulgation of coordination and federal election activity rules compatible with BCRA.  Requiring the Commission to promptly take the steps necessary to have new, fully compliant regulations ready for immediate implementation after the expiration of its appeals process is entirely consistent with this Court's precedents and will insure that the Commission expeditiously carries out its duty to remedy flawed rules that impose "virtually no regulation at all" on conduct that Congress and this Court have determined is potentially corrupting.  508 F. Supp. 2d at 46-47.

The Commission also contends that the Court should deny the pending motion because it has other competing priorities which plaintiff is impermissibly attempting to reorder.  This argument is flawed on many levels.  *First*, the Commission refuses to acknowledge that it was Congress—not plaintiff or this Court—that ordered the Commission's priorities in the first instance by requiring it to promulgate coordination and federal election activity rules on an expedited basis so that they would be in place for the 2004 elections.  *See* BCRA § 402(c); 340 F. Supp. 2d at 54 (Congress required expedited proceedings so that rules implementing BCRA "would be available at the next possible election cycle and in place as early as possible").  The Commission's foot-dragging now threatens to delay implementation of regulations faithful to Congress's intent until the 2010 election cycle.

*Second,* the Commission identifies three "major rulemakings" that it has decided must "be handled expeditiously in light of their impact on the ongoing 2008 election campaigns." FEC Resp. Br. at 6-7.  Notably, only one of those rulemakings involves a congressionally mandated timetable comparable to that imposed by BCRA.  *See* FEC Resp. Br. at 7-8 (discussing bundling rulemaking).  Moreover, in emphasizing that these rulemakings are necessary to establish "clear rules" for "as much of the ongoing 2008 election cycle as possible," *id.* at 8-9,

4

the Commission is seemingly oblivious to the irony that this argument applies with even greater force to the BCRA rulemakings, which Congress expressly fast-tracked and this Court ordered completed "promptly, in light of the impending 2008 elections." 508 F. Supp. 2d at 71.

*Third*, the three rulemaking proceedings identified by the Commission have now largely been completed.[2] This purported "crush of rulemaking . . . work" should in no way dissuade the Court from enforcing its order that the Commission act promptly on remand to remedy its defective regulations. FEC Resp. Br. at 9; *Cf. Shays I*, 340 F. Supp. 2d at 43 & 49 (rejecting argument that the Commission should not be "forced to 'reallocate its limited resources, at a time when it is heavily burdened with other activities'" because the Commission is not "insulate[d] . . . from a later court order directing the reconsideration of its faulty regulations" where it "spends its initial resources acting as a super-legislature disregarding congressional intent"). The Commission is "duty-bound" to move promptly to prepare revised regulations consistent with BCRA in time for the 2008 elections. *See* 340 F. Supp. 2d at 41 n.1; 508 F. Supp. 2d at 71.

---

[2] The so-called "*WRTL* rulemaking" referenced at pp. 8-9 of the Commission's response was substantially completed on November 20, 2007, when the Commission voted to approve a final rule revising in part its regulation governing electioneering communications in an effort to comply with the Supreme Court's decision in *FEC v. Wisconsin Right to Life, Inc.*, 127 S. Ct. 2652 (2007). *See* http://www.fec.gov/law/law_rulemakings.shtml#ec07. The candidate travel rulemaking initiated pursuant to the Honest Leadership and Open Government Act of 2007 (HLOGA), discussed at p. 7 of the Commission's response, is also at an advanced stage of the rulemaking process. The Commission has already published a notice of proposed rulemaking and has received written comments. *See* Candidate Travel, 72 Fed. Reg. 59,953 (Oct. 23, 2007). A public hearing scheduled for November 15, 2007, was cancelled when the Commission received no requests to testify. *See* http://www.fec.gov/press/press2007/20071114meeting.shtml. The third rulemaking cited by the Commission, pertaining to disclosure of "bundled contributions" and also initiated pursuant to HLOGA, is well underway: the Commission has already published a notice of proposed rulemaking and all written comments are due by November 30, 2007.

Granting plaintiff's motion to enforce will insure that the Commission complies with the obligations imposed on it by Congress, this Court and the public interest.[3]

## Conclusion

For the reasons set forth above and in plaintiff's earlier submissions, the Court should order the Commission to take the steps necessary to have new, fully compliant coordination and federal election activity regulations ready for immediate implementation after the expiration of its appeals process.

---

[3] In a footnote, the Commission suggests that plaintiff's motion "in effect seeks reconsideration of the Court's remedy holding." FEC Resp. Br. at 10 n.4. To the contrary, plaintiff's motion seeks to enforce the Court's command that the Commission "act promptly" to bring its regulations into compliance with BCRA and the Court's opinion and order "in light of the impending 2008 elections." Just as the Court did not alter its remedy holding in *Shays I* when it ordered the Commission to act "expediently" to "have new, fully compliant regulations ready for immediate implementation after the expiration of its appeals process," 340 F. Supp. 2d at 51, reconsideration of the Court's remedy holding is not required here.

Dated this 28th day of November, 2007.

                                Respectfully submitted,

                                 /s/David L. Anstaett

Roger M. Witten (Bar No. 163261)  
WILMER CUTLER PICKERING  
   HALE AND DORR LLP  
399 Park Avenue  
New York, New York  10022  
(212) 230-8800

Charles G. Curtis, Jr. (*pro hac vice*)  
Michelle M. Umberger (Bar No. 480620)  
David L. Anstaett (*pro hac vice*)  
Lissa R. Koop (*pro hac vice*)

HELLER EHRMAN LLP  
One East Main Street, Suite 201  
Madison, Wisconsin  53703  
(608) 663-7460

Randolph D. Moss (Bar No. 417749)  
WILMER CUTLER PICKERING  
   HALE AND DORR LLP  
1875 Pennsylvania Avenue, N.W.  
Washington, D.C.  20006  
(202) 663-6000

Fred Wertheimer (Bar No. 154211)

DEMOCRACY 21  
1875 Eye Street, N.W., Suite 500  
Washington, D.C.  20006  
(202) 429-2008

Donald J. Simon (Bar No. 256388)  
SONOSKY, CHAMBERS, SACHSE,  
   ENDRESON & PERRY LLP  
1425 K Street, N.W., Suite 600  
Washington, D.C.  20005  
(202) 682-0240

*Attorneys for Plaintiff Christopher Shays*