UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CHRISTOPHER SHAYS, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES FEDERAL ELECTION COMMISSION, <br><br> Defendant. | Civil Action No. 06–1247 (CKK) |

ORDER
(April 11, 2008)

Currently pending before the Court is [40] Plaintiff Christopher Shays' Motion to Enforce this Court's September 12, 2007 judgment remanding to Defendant, the Federal Election Commission, the following regulations promulgated to implement provisions of the Bipartisan Campaign Reform Act ("BCRA"): 11 C.F.R. § 109.21(c) (coordination content regulations); 11 C.F.R. §109.21(d) (coordination conduct regulations); 11 C.F.R. § 100.24(a)(2) (definition of "voter registration activity"); and 11 C.F.R. § 100.24(a)(3) (definition of "get-out-the-vote activity"). *See Shays v. FEC*, 508 F. Supp. 2d 10 (2007) ("*Shays II*").

The Court's September 12, 2007 Memorandum Opinion concluded that the foregoing regulations either failed *Chevron* review or violated the APA, and the accompanying Order therefore remanded the regulations to the FEC for further action consistent with the Memorandum Opinion. *Id.* at 71. The Court's September 12, 2007 Memorandum Opinion, however, expressly denied Plaintiff's requests that the Court enjoin the operation of the

regulations, order the Commission to commence expedited rulemaking proceedings and adopt interim regulations, and retain jurisdiction over the matter to ensure the FEC's timely and sufficient compliance with the Court's decision. *Id.* at 70-71. In so doing, the Court noted (as it did in the previous incarnation of this case, *Shays v. FEC*, 337 F. Supp. 2d 28 (2004) ("*Shays I*")) that "[u]nder settled principles of administrative law, when a court reviewing agency action determines that an agency made an error of law, the court's inquiry is at an end: the case must be remanded to the agency for further action consistent with the corrected legal standards." *Shays II*, 508 F. Supp. 2d at 70-71 (quoting *County of Los Angeles v. Shalala*, 192 F.3d 1005, 1011 (D.C. Cir.1999)) (internal citation omitted). Although finding no basis for the Plaintiff's requested relief, the Court noted its assumption that "on remand, the Commission w[ould] act promptly, in light of the impending 2008 elections." *Id.* at 71.

On October 16, 2007, the FEC filed its notice of appeal of the Court's September 12, 2007 judgment. Plaintiff filed his notice of cross-appeal on October 23, 2007. On November 7, 2007, Plaintiff filed the instant motion, stating that "[n]early two months ha[d] passed since the remand order issued, and the Commission ha[d] not lifted a finger to initiate new rulemaking proceedings." Pl.'s Mot. to Enforce at 1. The FEC opposes Plaintiff's Motion, stating that it "does not dispute the need for it to make preparations for new regulations during the pendency of the appeal," FEC Resp. at 1, but that its "competing priorities have . . . precluded the kind of immediate action to revise the regulations or explanations sought by plaintiff," *id.* at 6.

As both parties note, after this Court entered its judgment in the *Shays I* action remanding nineteen regulations to the FEC for further proceedings, the FEC moved for a stay of the Court's judgment in that case pending appeal. *See Shays v. FEC*, 340 F. Supp. 2d 39 (D.D.C. 2004)

("*Shays I Stay Op.*"). The Court denied that motion, but also declined to require the Commission to promulgate final regulations during the pendency of the appeal because of the potential that the appeal would be mooted. *Id.* at 49-51. Instead, the Court held that during the pendency of the appeal, the Commission should take "significant steps" so that it would "have new, fully compliant regulations ready for immediate implementation after the expiration of its appeals process." *Id.* at 50-51. According to Plaintiff, in this iteration of this litigation the Commission has not sought a stay pending appeal, but has "effectively granted itself precisely that relief by failing to establish any timetable—much less an expedited one—for correcting its illegal regulations." Pl.'s Mot. at 7. Plaintiff maintains that the FEC's alleged delay is particularly egregious because Congress originally sought to have regulations implementing BCRA's provisions in place prior to the 2004 election cycle, and the 2008 election cycle is now well underway. *Id.* at 8; *Shays I Stay Op.*, 340 F. Supp. 2d at 52.

As noted above, the Court's September 12, 2007 Memorandum Opinion expressed the Court's assumption that "on remand, the Commission w[ould] act promptly, in light of the impending 2008 elections," but specifically rejected Plaintiff's request that this Court retain jurisdiction over this matter in order to ensure the FEC's timely and sufficient compliance with the Court's decision. *Shays II*, 508 F. Supp. 2d at 70-71. Furthermore, as this Court has repeatedly noted in this case and *Shays I*, once a court reviewing agency action determines that an error of law has been made and remands the case to the agency, "it is up to the agency to determine how to proceed next -- not for the Court to decide or monitor." *Hawaii Longline Ass'n v. National Marine Fisheries Serv.*, 281 F. Supp. 2d 1, 38 (D.D.C. 2003). The Court thus has no authority to grant the relief Plaintiff seeks in his motion to enforce.

Nor does the Court have any basis for doing so on the record before it. Significantly, the FEC's Response to Plaintiff's Motion to Enforce indicates that the Commission is currently undertaking the very steps that the Court previously required it to undertake pending the appeal in *Shays I*. The FEC's Response recognizes that it "must take significant steps during the appeal to prepare for possible new regulations," FEC Resp. at 6 n.2, and states that it is doing so, albeit perhaps "somewhat differently than plaintiff would apparently prefer," *id.* at 12. The Commission also highlights the "competing priorities," including three major rulemakings necessitated by acts of Congress and a Supreme Court case, which the Commission maintains precludes it from undertaking the type of immediate action Plaintiff seeks. *Id.* at 6-9. While Plaintiff attempts to downplay the significance of these priorities, the Court is in no position to grant the relief Plaintiff seeks, i.e., to essentially reorder the FEC's priorities. Indeed, the D.C. Circuit has cautioned against such judicial action, noting that "a court is in general ill-suited to review the order in which an agency conducts is business," *Sierra Club v. Thomas*, 828 F.2d 783, 797 (D.C. Cir. 1987), and that the "agency is in a unique–and authoritative–position to view its projects as a whole, estimate the prospects for each, and allocate its resources in the optimal way," *In re Barr Laboratories, Inc.*, 930 F.2d 72, 75 (1991).

Finally, the Court notes that oral argument on the FEC's appeal of this Court's September 12, 2007 judgment is currently scheduled for May 5, 2008–less than four weeks from now. In the present posture, then, the Court lacks both a reason for and the authority to order the FEC to comply with any particular timetable in taking "significant steps" so that it will "have new, fully compliant regulations ready for immediate implementation after the expiration of its appeals process." *Shays I Stay Op.*, 340 F. Supp. 2d at 50-51. The Court nevertheless continues to

assume that the FEC will, in good faith, "act promptly, in light of the impending 2008 elections." *Shays II*, 508 F. Supp. 2d at 71.

Accordingly, it is this 11th day of April, 2008, hereby

**ORDERED** that [40] Plaintiff's Motion to Enforce Judgment is DENIED.

**SO ORDERED.**

                                                                        */s/*
                                                            COLLEEN KOLLAR-KOTELLY
                                                            United States District Judge